KIRBY, Ex'r, etc., *v.* LAKE SHORE & M. S. R. Co. and others.[*]

*(Circuit Court, S. D. New York. November 17, 1882.)*

1. PARTNERSHIP—EXECUTOR OF DECEASED PARTNER SUING IN EQUITY.

   An executor of a deceased member of a partnership may maintain a suit in equity to discover the amount due from defendant to such partnership, and to recover such amount when it appears that the surviving partner has refused to join in the suit.

2. STATUTE OF LIMITATIONS—DISCOVERY OF FRAUD.

   Under section 382 of the Code of Civil Procedure of New York, as construed by the highest court of the state, the statute of limitations begins to run from the time an account is settled, and not from the time of the discovery of facts showing that such settlement was fraudulently made.

3. SAME—FOREIGN CORPORATION.

   A foreign corporation cannot avail itself of the statute of limitations of this state.

4. EQUITY—DISCOVERY—FOREIGN CORPORATION.

   Where the officers of a foreign corporation are not made parties in an action against such corporation, there can be no discovery.

5. SAME—NO RELIEF AGAINST SOME OF DEFENDANTS.

   That no relief can be had against some of the defendants who were parties to a fraud, will not avail the other defendants.

*G. Norris*, for complainant.

*J. E. Burrill*, for defendants.

WALLACE, C. J. The bill is filed by the executor of a deceased member of the firm of Alexander & Co. for an accounting concerning moneys alleged to be due to that firm from the principal defendants. The bill alleges that between June 10, 1870, and March 4, 1871, the defendants transported for the firm of Alexander & Co. 2,028 car-loads of cattle under a contract which entitled the firm to be allowed certain sums by way of drawback on the monthly settlement of account between the parties, and that upon the monthly settlements which

[*]Affirmed. See 7 Sup. Ct. Rep. 430.

took place the defendants concealed and misrepresented the accounts which were justly due to the firm by way of "drawbacks," and which were peculiarly within the knowledge of the defendants; and that by reason of the concealment and misrepresentation of the defendants the firm did not discover the truth until long after the transactions between the parties had been closed. The firm of Alexander & Co. dissolved, the copartnership indebtedness was liquidated, and the interests of the several partners in the assets were adjusted. Thereafter one of the members died and another member became a lunatic. The complainant, as executor of the deceased partner, requested the surviving partner to bring or join in a suit to recover the claim against the defendants, and also made a similar request to the conservator of the lunatic; and upon their refusal they were named as parties defendant. The bill prays for a discovery, as well as for a reopening of the accounts, and for a decree for the payment of the sums found due. Joint and several demurrers have been interposed by the principal defendants.

1. The objection that the complainant has no standing to maintain the suit is quite too technical to prevail in a court of equity, whose flexible rules regarding parties aim only to preserve the substantial rights of all who have a material interest in the controversy. Assuming that the right of action vested in the surviving partners originally, the complainant cannot be deprived, by their incapacity or refusal to act, of his right to recover his part of any sum that may be found to be due.

2. The point raised, that the statute of limitations began to run against the right of action when the accounts between the parties were settled, instead of from the time when the true facts were discovered by the firm of Alexander & Co., seems to be fatal to the bill, except so far as it affects the foreign corporation defendant. Inasmuch as courts of equity, in all cases in which their jurisdiction is concurrent with courts of law, obey the general statutes of limitation, the question whether this action is barred by limitation depends upon the law of this state as found in section 382 of the Code of Civil Procedure. That section is not luminous, and is certainly capable of the interpretation that actions on the ground of fraud, where the substantive relief sought is a money judgment, must be brought within six years from the time the fraud was committed. Any other construction would authorize the pleader, by the form of action he might elect, to postpone and defeat the running of the bar. But the meaning of the section has been settled in *Carr* v. *Thompson*, 87 N. Y. 160; and the

interpretation there placed upon it by the highest court of the state must control the present case, it having been held that an action precisely like the present in principle and structure is within the six-years' limitation, irrespective of the time of the discovery of the facts.

3. The foreign corporation defendant cannot avail itself of the statute of limitations of this state. *Olcott* v. *Tioga R. Co.* 20 N. Y. 210; *Boardman* v. *Lake Shore & M. S. R. Co.* 84 N. Y. 157. Nor does the bill disclose. a case where there have been such gross laches in the assertion of the demand as to permit this defendant to invoke the doctrine of an equitable bar to the suit. The allegations of fraudulent concealment, and of misrepresentations, are very material, as where such circumstances exist courts of equity grant relief after a long lapse of time. *Michael* v. *Girod,* 4 How. 560.

4. Eliminating the defendants against whom the action cannot be maintained, there can be no discovery, because the officers of the foreign corporation are not made parties and the corporation cannot be sworn. Story, Eq. Pl. § 235. The demurrers as to discovery will, therefore, be sustained.

5. The circumstance that no relief can be had against some of the defendants who were parties to the alleged fraud, does not avail the other defendants. Their presence in the controversy is not indispensable. No one need be made a party against whom there can be no decree, unless a final decree cannot be made without affecting the rights of the absent party.

The conclusions thus briefly expressed will sufficiently indicate to counsel which of the several demurrers are allowed, and which are overruled.