[No 16027.    Department Two.—December 23, 1895.]

GEORGE P. ROBERTSON ET AL., APPELLANTS, A. H. BURRELL, ADMINISTRATOR, ETC., RESPONDENT.

ESTATES OF DECEASED PERSONS — ACCOUNTS OF SURVIVING PARTNER—AC-TION BY HEIRS—SETTLEMENT WITH ADMINISTRATOR.—The heirs of a deceased person are not the proper parties to maintain an action for an accounting and settlement of a partnership between the decedent and a surviving partner or his representatives, and they have no legal capacity to do so; but the surviving partner is required to account not with the heirs, but with the executor or administrator of the deceased partner, regardless of whether the partnership assets consist of real or personal property, or both.

ID.—LACHES—STALE DEMAND — SETTLEMENT OF PARTNERSHIP.—Where a deceased partner died thirty years before the commencement of an ac-tion by his heirs against the administratrix of the surviving partner to compel a settlement of the partnership, and it appears that his widow, the mother of the plaintiff, died seven years after the death of their father, and that no administration was ever had upon the estate of either of them, and that no demand was made upon the surviving part-ner during his lifetime for a partnership accounting by any one, and the complaint in such action does not aver that the widow did not know of the partnership, nor plead any facts and circumstances show-ing that discovery of the partnership could not have been sooner made by the plaintiffs, and that plaintiffs have not neglected nor slept upon their rights, the complaint is a stale demand and shows no equity.

ID.—KNOWLEDGE OF PARTNERSHIP BY MOTHER OF PLAINTIFFS—PLEADING—ADMISSION.—Where the complaint does not aver that the widow, mother of the plaintiffs, did not know of the partnership, the com-plaint must be construed as admitting that she did know thereof.

ID.—JOINT RIGHT OF ACTION—EFFECT OF KNOWLEDGE—BAR OF ANCESTOR AND HEIRS.—Where a right of action is joint, knowledge which would bar it as to one of the plaintiffs would bar it as to all, whether in law or in equity; and, where a right of action is barred as to the ancestor, it is also barred as to his heirs; and the long silence and inaction of the mother of the plaintiffs, for seven years after the death of her husband,

in connection with the fact that no claim was ever made upon the sur-viving partner by any one for thirty years, renders the demand of plaintiffs stale, though they were minors at the time of the father's death.

ID.—DEATH OF ORIGINAL PARTIES—SCRUTINY OF PLEADING—SHOWING OF DILIGENCE.—After the lapse of a long time, and after the death of all the original parties, equity, for the peace of society, scrutinizes a bill for an accounting with great particularity, and is not satisfied to retain it unless the fullest possible credible showing of diligence is made by the applicants for relief; and it is not sufficient to allege innocence at one time, and discovery at another, but the facts and circumstances must be pleaded, in order that the court may determine whether the sources of knowledge availed of were not at all times open to the plain-tiffs, whether they were negligently overlooked, whether other circum-stances should not earlier have put plaintiffs upon discovery, and what was the nature of the concealment practiced, if any, stating whether it consisted in mere silence, or was accompanied by active misrepresenta-tion and fraudulent deception.

ID.—AMENDMENT OF PLEADING — DISCRETION—REQUEST—PRESUMPTION.—Leave to amend a defective complaint, while addressed to the discretion of the court, should be liberally granted to subserve the ends of justice; and, in any ordinary case of absence of averment, or of insufficient averment, it is an abuse of discretion to refuse leave to amend; but, where there is no right to maintain the bill, and no request is made for an amendment, error will not be presumed in not allowing it.

APPEAL from a judgment of the Superior Court of Santa Clara County.   W. G. LORIGAN, Judge.

The facts are stated in the opinion of the court.

*J. A. Hannah,* and *Horace L. Smith,* for Appellants.

The want of legal capacity to sue only goes to the legal disability of plaintiffs, such as infancy, idiocy, coverture, or the like.   (*De Bolt* v. *Carter,* 31 Ind. 355; *People* v. *Crooks,* 53 N. Y. 648; Pomeroy on Remedies, sec. 208.) Upon the death of the ancestors the legal and equitable title vested absolutely in the heirs sub-ject to the payment of the debts of the intestate.   (Civ. Code, sec. 1384; *Brenham* v. *Story,* 39 Cal. 179, Stats. 1850, Descents and Distributions, sec. 1; *Jahns* v. *Nolting,* 29 Cal. 508; *Janin* v. *Browne,* 59 Cal. 37; Civ. Code, sec. 1384, and note; *Smith* v. *Olmstead,* 88 Cal. 582; 22 Am. St. Rep. 336.)   The heirs were the proper parties to maintain this action, being the real parties in interest.

(Code Civ. Proc., sec. 367; *Ord* v. *De La Guerra*, 18 Cal. 67; *Bettis* v. *Townsend*, 61 Cal. 333; *Little* v. *Caldwell*, 101 Cal. 553; 40 Am. St. Rep. 89; Pomeroy on Reme- dies, sec. 138; Van Santvoord's Equity Pleading, 141; Story's Equity Pleading, secs. 72, 207.) It was error to dismiss the bill for nonjoinder of necessary parties. It should have been retained, and the necessary parties ordered brought in. (Story's Equity Pleading, sec. 91; Code Civ. Proc., sec. 389.) The complaint shows an ex- press or voluntary trust, and the statute has no applica- tion until repudiation and notice to the beneficiary. (Civ. Code, secs. 2216–24, 2410; *Roach* v. *Caraffa*, 85 Cal. 445; *Ord* v. *De La Guerra*, *supra*; *Schroeder* v. *Jahns*, 27 Cal. 274; *Bell* v. *Hudson*, 73 Cal. 285; 2 Am .St. Rep. 791; 1 Pomeroy's Equity Jurisprudence, sec. 152; 2 Pom- eroy's Equity Jurisprudence, sec. 1010, note 1; Perry on Trusts, 2d ed., sec. 863; *Speidel* v. *Henrici*, 120 U. S. 386, and cases cited. See note to same case, 15 Fed. Rep. 753; Wood on Limitations, sec. 200; *Baker* v. *Joseph*, 16 Cal. 173; *Janes* v. *Throckmorton*, 57 Cal. 368; *Luco* v. *De Toro*, 91 Cal. 405; *Duff* v. *Duff*, 71 Cal. 515; *Lataillade* v. *Orena*, 91 Cal. 565; 25 Am. St. Rep. 219; *Williams* v. *Dennison*, 94 Cal. 540.) The discovery of the acts constituting the fraud is the ultimate fact, and how or under what circumstances are merely evidenti- ary. There is nothing from which the court can infer that the fraud ought to have been discovered earlier. (Pomeroy's Equity Jurisprudence, 2nd ed., sec. 917, note 2; Perry on Trusts, sec. 861.) No laches can be imputed until discovery of the fraud or facts upon which the ac- tion is based. (Pomeroy's Equity Jurisprudence, sec. 917; Perry on Trusts, 3rd ed., sec. 230, and cases cited in note 2. See, also, authorities collected in 12 Am. & Eng. Ency. of Law, p. 547, note 3, and p. 548, note 1.)

*E. O. Larkins,* and *S. F. Leib*, for Respondent.

An action for a general accounting of all the partner- ship property brought against the surviving partner cannot be brought by any one except the executor or

administrator of the deceased partner. (Code Civ. Proc.,
1585; Lindley on Partnership, secs. 494, 611; Bates on
Partnership, sec. 924; 17 Am. & Eng. Ency. of Law,
1277, 1278, and cases cited; *Dias* v. *Phillips*, 59 Cal. 293;
*Smith* v. *Walker*, 38 Cal. 392; 99 Am. Dec. 415; Boone's
Code Pleading, 82; *Gates* v. *Lane*, 44 Cal. 396; Code Civ.
Proc., 389.)   The administrator has the sole right to
maintain an action to recover debts. (*Grattan* v. *Wiggins*, 23 Cal. 29; *Harwood* v. *Marye*, 8 Cal. 580.)   The
information leading to the discovery of the facts must
be specifically alleged, so the court can see whether any
stronger information was then obtained than that already possessed by the complainants. (*Hardt* v. *Heidweyer*, 152 U. S. 547, and cases cited.)   The plaintiffs
were guilty of laches.   The allegations of the bill are
only equivalent to saying that plaintiffs never made
any inquiries for thirty years, and, when made, the facts
were easily ascertainable.   (*Wood* v. *Carpenter*, 101 U. S.
135; *Stearns* v. *Page*, 7 How. 819; *Felix* v. *Patrick*, 145
U. S. 317; *Hammond* v. *Hopkins*, 143 U. S. 224; *Hardt*
v. *Heidweyer, supra; Teall* v. *Slaven*, 40 Fed. Rep. 774;
*Jones* v. *Smith*, 38 Fed. Rep. 380; *Foster* v. *Mansfield etc.*
*R. R. Co.*, 146 U. S. 88; *Wollensak* v. *Reiher,* 115 U. S. 96;
*Horbach* v. *Marsh*, 37 Neb. 22; *Gillespie* v. *Cooper*, 36
Neb. 775; *Parker* v. *Kuhn*, 21 Neb. 413; 59 Am. Rep.
838; *Pearsall* v. *Smith*, 149 U. S. 331; *Chapman* v. *Bank*
*of California*, 97 Cal. 155; *Seculovich* v. *Morton*, 101 Cal.
673; 40 Am. St. Rep. 106; *Burling* v. *Newlands* (Cal., Jan.
5, 1895), 39 Pac. Rep. 49; *Bills* v. *Silver King Min. Co.*,
106 Cal. 9; *Hecht* v. *Slaney*, 72 Cal. 366, 367.)   The
means used to effect the concealment must be specifically alleged. (*Badger* v. *Badger*, 2 Wall. 94, 95; *Godden*
v. *Kimmell*, 99 U. S. 211; *Teall* v. *Slaven, supra; Wood*
v. *Carpenter, supra.*)   The general allegation of ignorance at one time and discovery at another is of no
avail.   The court must be able to see from the facts
whether the discovery ought not to have been made
before. (*Wood* v. *Carpenter, supra; St. Paul etc. Ry. Co.*
v. *Sage*, 49 Fed. Rep. 319, and cases cited; *Hammond* v.

*Hopkins, supra; Teall* v. *Slaven, supra.*)  The knowledge
of the partnership by one of the joint heirs is knowledge
of all, and one being barred, either by laches or limita-
tions, all the other joint owners would be barred also.
(*Shortridge* v. *Allen,* 2 Tex. Civ. App. 193; *Jones* v. *Smith,
supra; Marsteller* v. *M'Clean,* 7 Cranch, 156; *Moore* v. *Arm-
strong,* 36 Am. Dec. 77, note; *Rogers* v. *Van Nortwick,* 87
Wis. 414; *Robertson* v. *Smith,* Litt. Sel. Cas. 296; 12 Am.
Dec. 304; 13 Am. & Eng. Ency. of Law, 771.)  The sur-
viving partner was not a trustee of an express trust.  He
took a partnership property as the surviving legal owner.
(Bates on Partnership, sec. 717; *Williams* v. *Whedon,*
109 N. Y. 333; 4 Am. St. Rep. 460; *Barry* v. *Briggs,* 22
Mich. 206; Civ. Code, sec. 1384, prior to amendment of
March, 1874.)  The right to an accounting is barred by
the statute of limitations the same as any other action.
(*M'Clung* v. *Capehart,* 24 Minn. 17; *Wells* v. *Brown,* 83
Ala. 161; *Gilmore* v. *Ham,* 142 N. Y. 1; 40 Am. St. Rep.
554; *Guldin* v. *Lorah,* 141 Pa. St. 109; *Richardson* v.
*Gregory,* 126 Ill. 166.)

HENSHAW, J.—Appeal from a judgment entered after
demurrer sustained.  Plaintiffs are the surviving heirs
of their father, Eldridge G. Robertson, who died in the
year 1864, and of their mother who died in the year
1871.  No administration was ever had upon the estate
of either.  They allege that in the year 1862 their
father formed a partnership with one Cuthbert Bur-
rell, each partner contributing thereto property of the
value of five thousand dollars.  The agreement was
that as partners the two should engage and co-operate
in the business of raising, buying, and selling stock,
transacting a general farming business, and dealing in
real estate and other property in the state of California,
as full and equal partners.  The business of the part-
nership was carried on for about two years, when their
father died.  At the time of his death the assets of the
partnership had swelled in value to the sum of one hun-
dred thousand dollars.  Cuthbert Burrell continued in

control and management of this property until his death in 1893, at which date the assets amounted to one million dollars. All of the property possessed by Cuthbert Burrell at the time of his death was property of the partnership.

Soon after the death of their father, Burrell moved plaintiffs (then minors) and their mother to Oakland, California, where the children, excepting one, were placed in an asylum, and so grew to majority. "Cuthbert Burrell concealed from their mother the fact that her husband, the father of plaintiffs, was a partner with Burrell, and that she and her children were entitled to one-half of the property which belonged to said partnership, or that she, or her children, were entitled to receive and demand of him one-half of the sum of one hundred and three thousand dollars, for which he sold a part of the cattle belonging to said partnership."

"The plaintiffs, at the time of the death of their father, were of tender years, and the said Cuthbert Burrell, during his lifetime, concealed from them the fact that a partnership existed between him and their father, or that he held any money or property in trust for them, and they have only discovered the fact of the existence of the said partnership since the death of the said Cuthbert Burrell, viz., on or about February 6, 1894. That statements made by Cuthbert Burrell to Esther E. Phelps in his lifetime, and a short time before his death, caused her to make inquiry concerning the property her father had in his lifetime, and such inquiry led to the discovery of the said partnership which existed between their father and Cuthbert Burrell, and facts hereinbefore set out."

The foregoing quotations contain all of the averments of the complaint as to concealment, diligence, and discovery of the alleged fraud. Burrell never accounted during his lifetime, and, after his death, demand for an accounting was made upon defendant, his administratrix, and refused.

The action is brought to compel an accounting. It

is asked that a receiver be appointed in the interim to take charge of all of the dead man's estate, as being partnership property.

The demurrer was properly sustained. Plaintiffs are not the proper parties to maintain this action, and they have not legal capacity to do so. While, in a sense, they are beneficiaries of the trust which resulted by the death of their father, the fulfillment of which was imposed upon the surviving partner, yet there were certain intermediate steps and processes necessary to be taken and followed before their beneficial interests could be reduced to possession. And it is these necessary processes which the action under consideration entirely ignores. For there was another trust intervening in time and right and duties between the close of the surviving partner's trust and their enjoyment of its fruits. It is true that as heirs of their father the title to his property, real or personal, vested in them, but their title did not carry with it the right of immediate enjoyment. The rights and duties of the administrator of their father's estate interposed and intervened. The administrator, also, is a trustee with well-defined duties, among the first of which is that of collecting the assets of the estate and paying its just debts after due notice to creditors. The heirs' title is subject to the performance by the administrator of all his trusts, and they finally come into the possession and enjoyment of only such portion of the estate as may remain after the execution of them by the administrator.

Section 1585 of the Code of Civil Procedure gives to the surviving partner the right to continue in the possession of the partnership property, and imposes upon him the duty of settling its affairs without delay. He is required to account, not with the heirs, but with the executor or administrator. This duty of the surviving partner is the correlative of the right of the personal representative, and fixes the person in whom the right of action exists. If he is to account with the

administrator, the administrator it must be who has the right to call him to account.

Sections 369, 1581, and 1582 of the Code of Civil Procedure broadly define the powers of administrators in matters of litigation. They may sue without joining the heirs or beneficiaries. Section 1452 of the same code permits the heirs in designated kinds of actions affecting the title to real estate to sue without joining the personal representative. This section was construed and held to apply in the case of *Janes* v. *Throckmorton*, 57 Cal. 368–87. There the action was brought to enforce a trust, and, as the court with emphasis points out, to compel a conveyance of the legal title to real estate. But here the trust sought to be established is a trust growing out of a partnership relation exclusively. Whether the partnership assets consist of real or personal property, or both, is quite immaterial, since in every case it is made the duty of the surviving partner to account with the personal representative. Nor is *Ord* v. *De la Guerra*, 18 Cal. 67, in point for appellants. There, upon the death of his wife, the husband, as was proper, continued in management and control of the community property, though a distinct interest in the property vested in the heirs of the wife under the Mexican law. Upon the husband's death without an accounting to her heirs, they sued his representatives to recover their share of the property. The court's decision was largely based upon the opinion expressed, that there was no necessity for taking out administration upon the wife's estate under the old system of the Mexican law. " We see no difficulty in giving to the right of the heir, whether arising out of a past system or the present, the same remedy which we would apply in the case of a representative at common law of a surviving partner in a commercial partnership, distribution of partnership effects left after settlement of the firm debts in the hands of such survivor." *Bettis* v. *Townsend*, 61 Cal. 333, involved no question of partnership nor rights of representatives. " It was a trust re-

lating to personal property, and could be taken advantage of by the beneficiaries, the present plaintiffs. (Civ. Code, sec. 2251.)" In *Little* v. *Caldwell*, 101 Cal. 553, 40 Am. St. Rep. 89, the widow of deceased sued her husband's surviving partner; but the foundation of her claim was an alleged contract between herself and the defendant entered into after her husband's death. The action did not involve any claim for a general accounting.

Upon the other hand, though the heir succeeds to the ownership of the property, real or personal, he is not thereby given full dominion and control over it. In *Smith* v. *Walker*, 38 Cal. 385, 99 Am. Dec. 415, the administrator prosecuted his action for an accounting against the surviving partner, and the court said: "He represents the *entire estate*, . . . . Till then (distribution) the administrator is entitled to the possession and control of the entire estate. Till he recovers the whole estate the amount to be distributed cannot be known."

In *Bell* v. *Hudson*, 73 Cal. 285, 2 Am. St. Rep. 791, the action, in nature identical with this, was properly brought by the administrator.

Nor can the heir, by any act of his own, strip the representative of any of his rights, nor relieve him from the performance of any of his duties. The heir may sell his interest, but the administrator still has control of the property sold for the payment of debts and the general purposes of administration. The heir cannot bring an action to enforce payments or collect debts (*Harwood* v. *Marye*, 8 Cal. 580; *Grattan* v. *Wiggins*, 23 Cal. 29); and, even when he attempts to do so by suing in his individual capacity and as executor, the right of action not being in both, but in the executor alone, a demurrer will be sustained. (*Dias* v. *Phillips*, 59 Cal. 293.)

So much has been said upon the law of our own code provisions and the cases interpreting them. But, it may be added, that elsewhere the authorities are uniform that the personal representative alone has the right

to maintain such an action, saving in those exceptional cases, of which this is not one, where the personal representative by fraud or otherwise is disqualified. (Parsons on Partnership, sec. 344, and note; Story on Partnership, secs. 342–47; Lindley on Partnership, *494, 611; Bates on Partnership, sec. 924; 17 Am. & Eng. Ency of Law, 1277.)

In contemplation of further litigation it may be well to consider briefly certain other objections urged to this bill upon demurrer. They are, generally, that the bill is a stale demand and shows no equity. The attack is directed to the insufficiency of the portions of the bill above quoted. It appears from the pleading that the men engaged in a partnership to which they gave their personal care and attention. Each contributed to it property of the value of five thousand dollars. At the time of Robertson's death he was still actually engaged in its business, and the value of his interest had increased to fifty thousand dollars. Yet, after his death, no administration is taken out upon his estate, and no demand made upon Burrell for a partnership accounting by any one. It is not averred that the widow, mother of the plaintiffs, did not know of the partnership, and this must be construed as an admission that she did know (*Hecht* v. *Slaney*, 72 Cal. 363), and, indeed, it would be surprising if she did not. Where the right of action is joint, knowledge which would bar it as to one would bar it as to all, either in law or in equity (Freeman on Cotenancy, sec. 375; Wait's Actions and Defenses, 279; *Jordan* v. *M'Kenzie*, 30 Miss. 32; *Hardman* v. *Sims*, 3 Ala. 747); and where a right of action is barred to the ancestor it is barred to his heirs. (*Shortridge* v. *Allen*, 2 Tex. Civ. App. 193.)

The widow's long silence and inaction under these circumstances, taken with the fact that no claim was ever made upon the surviving partner, would render the demand stale. (*Bell* v. *Hudson, supra.*)

Moreover, after the lapse of so much time, and after the death of all the original parties, equity, for the peace

of society, scrutinizes with great particularity bills such
as this, and is not satisfied to retain one unless the full-
est possible credible showing is made by the applicants
for relief. (*Bills* v. *Silver King Min. Co.*, 106 Cal. 9;
*Chapman* v. *Bank of California*, 97 Cal. 155; *Felix* v. *Pat-
rick*, 145 U. S. 317, 333; *Wood* v. *Carpenter*, 101 U. S. 135,
143.)  It is not sufficient, therefore, to allege ignorance
at one time and discovery at another.  The facts and
circumstances must themselves be pleaded in order that
the court may determine whether the sources of knowl-
edge at last availed of were not at all times open to
plaintiffs, whether they were negligently overlooked,
whether other circumstances should not earlier have
put plaintiffs upon discovery, what was the nature of
the concealment practiced, whether it consisted in mere
silence, or was accompanied by active misrepresentation
and fraudulent deception.  In this bill, upon all these
pertinent matters of pleading, where there is not an ab-
solute absence of averment (as of the ignorance of the
widow) there is but a fleshless skeleton of allegation.
Plaintiffs only discovered the fact of the existence of
the partnership after the death of Burrell.  The matter
leading to the discovery was statements made by Burrell
a short time before his death to one of the heirs, which
led her to make inquiry.  What the statements were;
how long before his death they were made; whether or
not due diligence after their making would not have
resulted in discovery during Burrell's lifetime; why, if
Burrell's policy was concealment, he should at last have
made to one of the heirs declarations so pregnant with
meaning that they led to discovery; what were the in-
quiries which the heir made and which resulted in dis-
covery; of whom were they made, and why were they
not made years before, are all questions which, upon
the demand of the demurrer, should be answered by the
bill in order that the chancellor, to whose conscience, in
the first instance, the equity of the bill is addressed,
should satisfy himself that plaintiffs have not neglected

or slept upon their rights. (*Hardt* v. *Heidweyer*, 152 U. S. 547.)

It is claimed that the defects could be cured by amendment, and that an amendment should have been permitted. Leave to amend, while addressed to the discretion of the court, should be liberally granted to subserve the ends of justice. And in any ordinary case of averment, or of insufficient averment, we should hold it to be an abuse of discretion to refuse leave to amend. But here, not only plaintiffs could not file a sufficient bill for the reason first above discussed, but they did not ask leave to amend, and error will not be presumed. (*Smith* v. *Taylor*, 82 Cal. 541; *Buckley* v. *Howe*, 86 Cal. 605.)

The judgment appealed from is affirmed.

McFarland, J., and Temple, J., concurred.