### McGORRAY v. O'CONNOR et al.

(Circuit Court, N. D. California. April 12; 1897.)

PARTNERSHIP—DEATH OF PARTNER—RIGHTS OF HEIRS AND SURVIVING PARTNER.
   Under the law of California, which gives to a surviving partner the absolute power of control and disposition of the assets of a partnership (Code Civ. Proc. § 1585), the heirs of a deceased partner have no such right or interest in the partnership property, prior to settlement and distribution by the surviving partner, as entitles them or their judgment creditors to redeem partnership property from a sale under a mortgage.

This was a suit in equity to obtain a decree canceling and declaring void a certain sheriff's deed to land sold upon foreclosure of a mortgage, to allow the complainant to redeem as a judgment creditor, and to direct the sheriff to execute and deliver a deed of the property to the complainant, etc.

L. W. Elliott and A. H. Carpenter, for complainant.
Olney & Olney and Dudley & Buck, for respondents.

MORROW, District Judge. In this action the complainant seeks to obtain the decree of this court canceling and declaring null and void a certain deed executed and delivered by the respondent Thomas Cunningham, as sheriff of San Joaquin county, to the respondent Myles P. O'Connor, on the 16th of November, 1894, conveying to O'Connor the lands and premises described as the E. $\frac{1}{2}$ and N. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section 5, T. 2 N., R. 8 E., and the S. E. $\frac{1}{4}$ and the E. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section 32, T. 3 N., R. 8 E., Mt. Diablo base and meridian, which land and premises were sold by the sheriff under and by virtue of a decree of foreclosure of a mortgage and order of sale made by the superior court of San Joaquin county on the 15th of May, 1894. The complainant also seeks the further decree of the court that he be allowed to redeem the land and premises from such sale, in the character of a judgment creditor of one Clinton H. Carpenter, and that the sheriff make a deed of the property and deliver it to the complainant. The case has been submitted upon the motion of both parties for a judgment upon the pleadings. It appears from the complaint that on the 30th day of October, 1882, C. K. Bailey and C. W. Carpenter, doing business as co-partners in San Joaquin county, as farmers and stock raisers, under the name of Bailey & Carpenter, gave a mortgage on the premises above described to the defendant Myles P. O'Connor as security for the payment of $10,000. On January 22, 1884, C. W. Carpenter died, leaving an

estate consisting largely of his half interest in the partnership property. He was an unmarried man, and, in a document purporting to be his last will and testament, he gave the bulk of his property to the children of C. K. Bailey, his surviving partner, to the exclusion of his heirs at law. This will was admitted to probate, and Bailey was appointed executor. The will was contested by Clinton H. Carpenter, a brother of the deceased, with whom, it appears, other brothers were associated, but their names are not given in the bill. The executor and legatees were defendants. Two trials were had before a jury, each trial resulting in favor of the contestants; and on each verdict the superior court entered a decree revoking the probate of the will, and declaring the petitioners in such contest the heirs at law of the deceased. From each of the verdicts and decrees the executor and legatees appealed to the supreme court of the state of California, and said decrees were reversed and new trials granted. 21 Pac. 835, and 29 Pac. 1101. The contest over the will is still pending in the superior court of San Joaquin county. On the 10th of October, 1888, Myles P. O'Connor brought suit in the superior court of San Joaquin county against C. K. Bailey and Clinton H. Carpenter, as one of the alleged successors in interest of C. W. Carpenter, deceased, and other defendants, to foreclose the mortgage; and on the 15th day of March, 1890, a decree of foreclosure and sale was made and entered in the superior court for the sum of $11,808.74 and costs. In the bill it is alleged that this decree was "made and entered in said court and cause against C. K. Bailey and Clinton H. Carpenter and other defendants." On the 15th day of May, 1894, under the order of court in the foreclosure suit, the mortgaged property was sold to the defendant Myles P. O'Connor at sheriff's sale by the defendant Cunningham, and the sheriff's certificate of sale was delivered to O'Connor; and on November 16, 1894, the sheriff delivered to him the deed of conveyance which it is the object of this action to declare null and void and of no effect. It appears, further, that on the 15th day of September, 1894, Amos H. Carpenter recovered a judgment in the superior court of San Joaquin county against Clinton H. Carpenter for the sum of $12,438 damages and costs, and on the same day this judgment was docketed by the clerk of the court, so that it became a lien upon the property of Clinton H. Carpenter. On the 17th of September, 1894, Amos H. Carpenter sold and transferred this judgment to the complainant in the present suit. After this assignment, and on the 18th of September, 1894, the complainant, in the capacity of a judgment creditor of Clinton H. Carpenter, and claiming a lien on the interest of the latter in the mortgaged premises, tendered to the sheriff of San Joaquin county the sum of $12,777.05 for the redemption of the real estate from the mortgage sale. The sheriff refused the money from the complainant for the redemption of the property, and refused to give him a deed therefor. It is further alleged in the bill that on the 24th day of May, 1894, Clinton H. Carpenter and other heirs at law of the deceased, and the executor and legatees under the will, entered into an agreement to arbitrate

the matters in difference over said estate, and that such matters should be submitted to an arbitrator, who should determine in his award the value of contestants' interest in said estate, and how much the said Clinton H. Carpenter and other heirs at law of the deceased should receive from said estate as their share thereof; that such reference should in no way affect the controversy then pending over the will, but the same should continue pending in court, and not be discontinued or dismissed until the award of such arbitrator should be fully performed and carried out; that the reference was made, and the parties appeared before the arbitrator, who made his award, in which it was decreed and determined that the interest of Clinton H. Carpenter and other heirs in said estate was of the value of $11,256.24, and that they were entitled to receive that sum from the estate of the deceased; that the award has never been carried out or performed, and is in full force and effect, and binding upon all the parties interested in said estate. To this complaint a demurrer was interposed on the ground that the complainant had not stated such a cause of action as entitled him to the relief prayed for in the bill. The demurrer was argued before Judge McKenna, and overruled. It is said that it was intimated from the bench that, but for the allegations of the bill that a judgment had been entered against Clinton H. Carpenter in the foreclosure proceedings, the demurrer would have been sustained. However that may be, an answer has been filed by the respondent O'Connor in which it is denied that the judgment was against Clinton H. Carpenter for any sum of money whatsoever, or that any judgment against him was entered in the cause, other than to cut off any supposed right of redemption of the real property described in the mortgage, and that no personal judgment was taken in said action against any of the defendants, except as against the defendant C. K. Bailey.

The answers of the respondents are sworn to, and were filed March 26, 1896; and on the 1st of April, 1896, complainant filed his replication. The answers of the respondents are direct and positive in their denials of the material allegations of the bill, and as the complainant did not waive an answer under oath, and as no testimony has been taken in support of the bill, the allegations of the answer responsive to the bill must be taken as true. Slessinger v. Buckingham, 8 Sawy. 470, 17 Fed. 454; Satterfield v. Malone, 35 Fed. 446; Walcott v. Watson, 53 Fed. 429; Vigel v. Hopp, 104 U. S. 441; Morrison v. Durr, 122 U. S. 518, 7 Sup. Ct. 1215; Development Co. v. Silva, 125 U. S. 247, 8 Sup. Ct. 881. An effort appears to have been made by the complainant to avoid the effect of the answer by a motion to strike out certain portions of it, but notice of this motion was not given until June 29, 1896,— nearly three months after the replication had been filed, and only two days before the expiration of the time for taking testimony as provided by rule 69 of the equity practice. This motion has since been considered and denied, not only because it had not been made at the proper stage of the proceedings, but for the reason that the allegations proposed to be struck out were responsive

to the allegations of the bill. But, aside from any question of pleading, the controlling question in the case is this: Was the complainant in September, 1894, as a judgment creditor of Clinton H. Carpenter, entitled to redeem the land in question from the mortgage sale? The right of redemption, in this state, is given by statute, and is conferred upon two classes: (1) The judgment debtor, or his successor in interest in the whole or any part of the property; (2) a creditor having a lien by judgment or mortgage on the property sold, or in some share or part thereof, subsequent to that on which the property was sold. Code Civ. Proc. § 701. Can complainant's claim be maintained under the first subdivision of this statute? The mortgaged property was the partnership property of the firm of Bailey & Carpenter, and, under the law of this state, upon the death of one partner the possession of the partnership interests vests exclusively in the surviving partner, who has the absolute power of control and disposition of the assets of the partnership. Code Civ. Proc. § 1585; People v. Hill, 16 Cal. 113, 118; Theller v. Such, 57 Cal. 447, 459. It appears from the bill that the estate of Carpenter has not been distributed or separated from the partnership assets of Bailey & Carpenter, but is still in the hands of C. K. Bailey, who, as surviving partner, still continues the partnership business. This fact alone is sufficient to dispose of any supposed right of redemption having thus far descended to the heirs of Carpenter. In Robertson v. Burrell, 110 Cal. 568, 42 Pac. 1086, a partnership business was formed by Robertson & Burrell for the purpose of engaging in the business of raising, buying, and selling stock, transacting a general farming business, and dealing in real estate and other property. Robertson died, and the business was continued by Burrell, the surviving partner, until his death. The heirs of Robertson then brought an action against the administrator of the estate of Burrell to compel an accounting, and for the appointment of a receiver to take charge of the Burrell estate as being partnership property. A demurrer to the complaint in the court below was sustained. On appeal to the supreme court, the judgment was affirmed. In speaking of the right of the heirs to maintain an action for an accounting and settlement of a partnership between the decedent and a surviving partner, the supreme court said:

"Plaintiffs are not the proper parties to maintain this action, and they have not the legal capacity to do so. While, in a sense, they are beneficiaries of the trust which resulted by the death of their father, the fulfillment of which was imposed upon the surviving partner, yet there were certain intermediate steps and processes necessary to be taken and followed before their beneficial interests could be reduced to possession. And it is these necessary processes which the action under consideration entirely ignores. For there was another trust intervening in time and right and duties between the close of the surviving partner's trust and their enjoyment of its fruits. It is true that, as heirs of their father, the title to his property, real or personal, vested in them, but their title did not carry with it the right of immediate enjoyment. The rights and duties of the administrator of their father's estate interposed and intervened. The administrator, also, is a trustee with well-defined duties, among the first of which is that of collecting the assets of the estate, and paying its just debts, after due notice to creditors. The heirs' title is subject to the performance by the administrator of all his trusts, and they finally come into the pos-

session and enjoyment of only such portion of the estate as may remain after the execution of them by the administrator. * * * Whether the partnership assets consist of real or personal property, or both, is quite immaterial, since in every case it is made the duty of the surviving partner to account with the personal representative."

It is clear that, under the law as thus established in this state, the complainant has not succeeded to such an interest of the judg-. ment in the whole or any part of the property as entitles him to redeem under the statute. This determination disposes of the question of a judgment lien, under the second subdivision of the statute, obtained by Amos H. Carpenter in September, 1894, on the property of Clinton H. Carpenter. As the latter had not succeeded to any interest in the mortgaged premises, either directly or by the terms of the award in his favor, there was nothing to which the judgment lien could attach. A decree will be entered in favor of the respondents, and for their costs.