McGORRAY v. O'CONNOR et al.

(Circuit Court of Appeals, Ninth Circuit. May 3, 1898.)

No. 407.

1. EQUITY—PLEADING—MOTIONS TO STRIKE.
A motion was made to strike out answers for want of certificates of counsel that the answer was well founded in law. The court denied the motion, "with leave to said defendants to further verify their answers, and add certificates, if so advised." Held, that this order was merely permissive, and not a decision, constituting the law of the case, that certificates to the answer were necessary.

2. SAME—CERTIFICATES TO ANSWER.
There is no equity rule requiring a certificate of counsel that an answer to the merits is well founded in law.

3. SAME—MOTION TO STRIKE.
A motion to strike out parts of the answer must be denied when not sufficiently specific to identify the portions to be stricken.

4. EQUITY PRACTICE—SETTING DOWN FOR HEARING.
Where over 90 days elapse after the filing of the replication without the taking of any testimony by plaintiff or any motion to extend the time for taking testimony, and thereafter plaintiff gives notice of motions to strike out certain portions of the answer, which motions are denied, there is no error in then setting the case down for hearing on the bill and answers.

5. MORTGAGE FORECLOSURE — RIGHT OF REDEMPTION — HEIRS AND SURVIVING PARTNER.
In California, where the law gives to a surviving partner absolute power of the control and disposition of the assets of the partnership (Code Civ. Proc. § 1585), the heirs of a deceased partner have no such interest in the partnership property as entitles them or their judgment creditors to redeem such property from a sale under a mortgage. 79 Fed. 861, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of California.

Amos H. Carpenter, for appellant.
Olney & Olney and Dudley & Buck, for appellees.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The appellant, Bernard McGorray, was the complainant in a bill in equity brought to redeem certain real property from a mortgage sale. C. W. Carpenter and C. K. Bailey were partners in farming and stock raising. They mortgaged a portion of their real estate to Myles P. O'Connor. Carpenter died, leaving a will, devising the greater portion of his property to his partner's children. The mortgage was subsequently foreclosed, and the mortgaged property was sold to the mortgagee. The complainant filed a bill in equity against O'Connor and others, claiming that the sheriff's deed which O'Connor had received was void, and praying that it be canceled, and that the complainant be allowed to redeem the premises described therein, basing his right to redeem upon the fact that he was the assignee of a judgment which had been obtained in an action at law against Clinton H. Carpenter, a brother of the said C. W. Carpenter, deceased, and one of his heirs at law. The defendant O'Connor filed a separate answer to the bill, and the other defendants united in a joint answer. Thereupon the complainant filed, on April 1, 1896, his replication to both answers. On June 29, 1896, the complainant gave notice to the defendants of a motion to strike out certain portions of the answers, on the ground that they were sham, redundant, and conclusions of law, and noticed the motion for July 6, 1896. Said motion was continued by the court to August 3, 1896. The complainant took no testimony on the issues; but on July 14th, and after the expiration of the 90 days allowed to take testimony, the defendants in the suit gave notice that they would set the cause down for trial. Three days later, the complainant served notice of a motion to strike the answers of the defendants off the files, on the ground that they were not accompanied by certificates of counsel, as required by rule 10 of the circuit court, certifying that, in the opinion of counsel, the answer "is well founded in point of law." On August 3, 1896, the motions came on to be heard. The motion to strike out the answers for want of the certificates was denied by the court, "with leave to said defendants to further verify their answers, and add certificates if so advised." The motion to set the cause for hearing upon the bill and answer was denied, and it was ordered that the motion to strike out parts of the answers and the motion for judgment on the pleadings be submitted upon briefs. Some months later the said order was revoked by the court. On March 27, 1897, the complainant filed and served a second notice of motion to strike the answers from the files, on the ground specified in the former motion, and because the defendants had failed to comply with the order of the court requiring them to attach said certificates. On March 31, 1897, that and the other mo-

tions pending were argued and submitted; whereupon the motion to strike out the answers for want of certificates and the motions to strike out portions of the answers were denied. Thereafter, on April 12, 1897, a final decree was entered, reciting that, the cause having been heard on the bill and the respective answers, it was decreed that the complainant was not entitled to any of the relief prayed for in his bill, and his bill was dismissed. 79 Fed. 861.

The appellant contends that upon the hearing before Judge Morrow, on March 31, 1897, the motion to strike the answers from the files for want of certificates was erroneously denied. since the law of the case was decided by Judge McKenna by his order of August 3, 1896, giving the defendants leave to attach the certificates, citing Wakelee v. Davis, 44 Fed. 532, and Warswick Mfg. Co. v. City of Philadelphia, 30 Fed. 625. To this it is sufficient to say that the order of court of August 3, 1896, did not require the defendants to attach such certificates. It was permissive in its terms, and left the defendants free to attach the certificates if they were advised that the same were necessary. The defendants evidently did not consider their answers open to objection upon that ground, and they very properly declined to avail themselves of the permission afforded them by the court. If the omission of such certificates had been ground for striking the answers from the files, the right to take advantage of such defect had clearly been waived by filing replications to the answers. But there was no necessity for such certificates. Rule No. 10 is a common-law rule, and has no application to suits in equity, and there is no equity rule requiring a certificate of counsel to an answer to the merits of the bill. Nor do we discover error in the ruling of the court upon the motions to strike out portions of the answers. As the record is presented in this court, it is impossible to identify any of the portions of the answers to which the motion was directed.

Counsel for appellant contend that the cause was wrongfully set for hearing upon the bill and answers before the pleadings were settled, and that they objected to said hearing for that reason, and upon the ground that they desired to take testimony as soon as the issues were complete. The record shows that more than 90 days had elapsed after the replications were filed before any motion against the answers was filed in court. The record shows no application to the court to extend the time for taking testimony, nor any affidavit stating grounds on which such extension could have been ordered. There was no error, therefore, in setting the case down for hearing upon the bill and answers on March 31, 1897.

We find no error in the decree dismissing the complainant's bill upon the hearing had upon the bill and the answers. One of the material allegations of the bill was the averment that the complainant was the assignee of the judgment which had been rendered against Clinton H. Carpenter. This was distinctly denied in O'Connor's answer. In a hearing upon the bill and answers under this condition of the pleadings, it would have been impossible for the court to have awarded relief against the principal defendant, the holder of the legal title to the property which was sought to be re-

deemed. But, aside from this, a further and complete answer to the asserted right of the complainant to the relief sought by his bill is found in the fact that the land which was mortgaged to O'Connor was the partnership property of the mortgagors. After the foreclosure of a mortgage on real estate and the sale of the mortgaged property, the right to redeem from the sale is purely statutory. Section 701 of the Code of Civil Procedure of California confers the right upon—First, the judgment debtor or his successor in interest in the whole or any part of the property; and, second, a creditor having a lien by judgment or mortgage on the property sold, or on some share or part thereof, subsequent to that on which the property was sold. The property belonged to the firm of Bailey & Carpenter. It may be assumed from the facts stated in the pleadings that the title was vested in the firm. Upon the death of Carpenter, the possession of the partnership property was vested in the surviving partner. He had the absolute right of possession, and the power to control the property until the affairs of the partnership were wound up. It is still in his hands as such surviving partner. No right of redemption has descended to the heirs of Carpenter. Allen v. Hill, 16 Cal. 113; Theller v. Such, 57 Cal. 447; Robertson v. Burrill, 110 Cal. 568, 42 Pac. 1086; Smith v. Walker, 38 Cal. 388. The appellant clearly comes within neither of the classes of persons who are given the statutory right to redeem the mortgaged property after a mortgage foreclosure and sale. His assignor is not the judgment debtor, nor is he his successor in interest, nor was he a creditor having a lien by judgment or otherwise on the property sold. The decree of the circuit court must be affirmed.