## BANKERS' TRUST CO. v. RITER et al.

No. 3481.   Decided July 1, 1920.   (190 Pac. 1113.)

1. PARTNERSHIP—BALANCE STRUCK AND INTEREST OF EACH PARTNER IN FIRM'S ASSETS FOUND. Before one partner can compel another to pay what is claimed to be a firm debt, it must be ascertained that the amount is necessary to settle the firm's affairs, or that the amount owing by the partner is greater than he would be entitled to receive.

2. PARTNERSHIP—TITLE TO REALTY IN PARTNER DESCENDS TO HEIRS, SUBJECT TO EQUITY OF SURVIVING PARTNER. Title to real property in the name of a partner at the time of his death descended as real estate to his heirs, subject only to the equity of the surviving partner to have it applied primarily to the trust for which it was acquired.

3. PARTNERSHIP—SURVIVING PARTNER MUST ACCOUNT TO REPRESENTATIVE OF DECEASED PARTNER. In addition to the duty of the surviving partner under Comp. Laws 1917, section 7424, to settle the affairs of the firm without delay, etc., it is the duty and right of his administrator or executor on his death to proceed with settlement of the firm affairs, and to account with the representative of the partner first deceased.[1]

4. PARTNERSHIP—COMPLAINT OF ADMINISTRATOR OF DECEASED PARTNER AGAINST HEIRS OF OTHER PARTNER HELD INSUFFICIENT. Alle-

--------

[1] *In re Tripp's Estate*, 51 Utah 359, 170 Pac. 976; *Sharp* v. *Sharp*, 54 Utah 262, 180 Pac. 580.

gations of complaint of administrator of deceased partner against heirs of other partner, also deceased, *held* insufficient to state cause of action for the sale price of realty in the name of defendants' ancestor at the time of his death, not embracing allegations whether the estate of defendant's ancestor had ever been administered, or that on settlement of partnership affairs the amount claimed of defendants would not be payable to them by right of their heirship from firm assets, though its allegations were sufficient to authorize plaintiff as administrator of the last surviving partner within the jurisdiction to maintain such an action if the complaint contained the necessary allegations.[2]

5.   PARTNERSHIP—ADMINISTRATOR OF DECEASED PARTNER MAY SUE HEIRS OF OTHER PARTNER FOR PROCEEDS OF REALTY. Administrator of deceased partner, under facts alleged in his complaint against heirs of other partner for sale price of realty, title to which was in such other partner at his death, *held* entitled to maintain action against defendant heirs for general accounting of firm affairs on showing accounting was necessary coupled with allegations that estate of defendant's ancestor had been closed and his personal representative released.

Appeal from District Court, Third District, Salt Lake County; *P. C. Evans*, Judge.

Action by the Bankers' Trust Company, as administrator with the will annexed of the estate of George Y. Wallace, deceased, against L. E. Riter, Jr., and others. From a judgment dismissing the action, plaintiff appeals.

AFFIRMED.

*Geo. Y. Wallace,* of Salt Lake City, for appellant.

*Pierce, Critchlow & Barrette* and *Rawlins, Ray & Rawlins,* all of Salt Lake City, for respondents.

GIDEON, J.

The following facts appear from the allegations of the complaint:

[2] *Mills* v. *Gray*, 50 Utah 224, 167 Pac. 358.

The plaintiff, Bankers' Trust Company, is the administrator with the will annexed of the estate of George Y. Wallace, deceased, and as such brings this action. One Levi E. Riter died intestate on or about July 30, 1903. The defendants L. E. Riter, Jr., L. C. Riter, and Isabella C. Riter are his sole heirs at law. The said George Y. Wallace, deceased, and the said Levi E. Riter, deceased, and the defendant Charles W. Lyman, at the death of said Riter and for a long time prior thereto, were copartners doing business under the firm name of L. E. Riter & Co., with equal interests in all the property, business, and assets of said partnership. During the course of the operation of said partnership, and in connection with the same, the said partnership acquired and owned various pieces of real estate, the record title to which was held in the name of the said Levi E. Riter, but in trust for the partnership. The description of certain mining properties, the proceeds from which are sought to be recovered, is given in the complaint. At the death of said Levi E. Riter, and at all times thereafter, the said defendants knew, and now know, the terms and conditions of such trust, and that the mining property described was taken and held by the said Riter, deceased, in trust for said partnership. Since the death of said Riter, the defendants L. E. Riter, Jr., L. C. Riter, and Isabella C. Riter, as the sole heirs at law, well knowing the terms and conditions of said trust, sold and leased the real property held and owned in trust by their intestate, and collected the rents and proceeds therefrom, and have wrongfully appropriated the same to their own uses and purposes. Notwithstanding frequent requests, they have refused, and still refuse, to account for the same, or to pay a just proportion or share thereof, or any part thereof, to plaintiff. The defendant Charles W. Lyman, the surviving member of said partnership, is a resident of the state of Nebraska. He is not now, and never has been, in possession of said trust property, and has no knowledge concerning the proceeds, rents, or issues realized for the same, and has not accounted and cannot account therefor. Neither said Levi E. Riter, in his lifetime, nor the defendants Riter, since

his death, have accounted to the surviving partner for the said trust properties, and defendant Lyman has refused, and still refuses, to require an accounting of the other defendants, and has refused and still refuses, to bring this action, or to join the plaintiff in the same.

The prayer of the complaint is that the defendants Riter be required to set forth a full account of all the properties and assets of said partnership coming into their possession and under their control, and that each of them be required to pay to the plaintiff what, if anything, shall upon such account appear to be due to the plaintiff from said defendants. General relief is also asked.

To this complaint a demurrer was filed by the defendants Riter on the ground of uncertainty; also that it does not state facts sufficient to constitute a cause of action. The defendant Lyman was without the jurisdiction of the court, and did not appear in the action. The demurrer was overruled, and subsequently an answer was filed. When the matter came on for hearing before the court counsel for plaintiff, apparently under some understanding or agreement, made an extensive and detailed statement of what purported to be the facts to be considered by the court. At the close of the statement objection was made to the introduction of any testimony and the matter was argued and submitted, and afterward the court entered its judgment, designated a decree of dismissal, in which it was adjudged that the action be dismissed.

It is not entirely clear from the record whether the court considered the facts stated by counsel in his opening statement in arriving at the conclusion to dismiss the action, or whether the ruling was based upon the insufficiency of the allegations of the complaint to entitle the plaintiff to any relief. Counsel for defendants, at the close of the opening statement of plaintiff's counsel, in addressing the court said:

"Now, if the court please, we desire to object at this time to any evidence whatever in this case, because from the pleadings, supplemented by the statement of counsel here, very full, indeed, it is apparent as a matter of law that this action is not well founded and cannot be sustained."

Later on, during that same argument, the following colloquy between counsel was had:

"Counsel for Plaintiff: Pardon me. Do I understand that counsel is now addressing himself to a demurrer to the evidence?

"Counsel for Defense: Yes.

"Counsel for Plaintiff: Or to an opening statement?

"Counsel for Defense: No. To a demurrer, a general demurrer, and a motion to exclude all evidence and to dismiss the case."

The matter was thereupon submitted to the court, and thereafter the court entered its decree of dismissal. In the recitals of that decree the following language appears:

"Counsel for plaintiff then stated to the court the facts which constitute the cause of action against the appearing defendants and which he expected to prove at the trial, whereupon counsel for the defendants moved to dismiss the complaint herein and to render judgment in favor of the said defendants and against the plaintiff upon the ground and for the reason that the facts stated by the plaintiff do not show a cause of action against the said defendants or either of them."

Whatever may have been the reasons in the mind of the court for its conclusion in dismissing the case, whether upon the pleadings alone or the pleadings supplemented by the opening statement of counsel, we rest our conclusion and order made herein solely upon the question of the sufficiency of the allegations of the complaint to entitle the plaintiff to the relief sought.

It does not appear from the record whether the estate of L. E. Riter deceased has ever been administered. Whether any administrator has ever been appointed, and, if so, whether the estate has been closed and the administrator discharged, or whether the title to the real property, the proceeds of which are in question, was ever confirmed in his heirs at law by a decree of distribution is not disclosed. The allegations are that after the death of Levi E. Riter the defendants Riter, "as his sole heirs at law," knowing the condition of the trust sold the property in question and received the proceeds thereof and applied them to their own use. There is no allegation that upon the settlement of the partnership affairs the amount now claimed to be wrongfully in the possession of the defendants would not be payable to

them by right of their heirship from the assets of the partnership. Neither is there an allegation that the amount sought to be recovered is required or needed to pay the partnership debts or the expenses of administering the affairs of said partnership. In short, there are no facts stated in the complaint showing a right in the plaintiff to the proceeds of the sale of the real property as against the defendants after an adjustment of the partnership affairs. For aught that appears in the complaint, after an accounting and settlement of the partnership affairs, not only all of the amount now claimed to be wrongfully held by defendants might be due them, but a larger amount might be found to be coming to them from said partnership. As has been well stated by the Supreme Court of Montana in *Silver* v. *Eakins*, 55 Mont. 210; 175 Pac. 877, to require the defendants to pay the money to the plaintiff in this action when it might be found upon an accounting that they are entitled to retain it and would receive it back "would be an idle ceremony."

The great weight of authority seems to be, in this country at least, that, before one partner can compel another partner to pay what is claimed to be an indebtedness to the partnership, it must be first ascertained that the amount is necessary in settling the partnership affairs, or that the amount owing by such partner is a greater amount than he would be entitled to receive upon striking a balance and finding the interest of each partner in the assets of the partnership. *Silver* v. *Eakins,* supra; *Baughman* v. *Hebard* (Okl.) 166 Pac. 88; *McGorray* v. *O'Connor* (C. C.) 79 Fed. 861; *Robertson* v. *Burrell,* 110 Cal. 568, 42 Pac. 1086; *Kwapil* v. *Bell Tower Co.,* 55 Wash. 583, 104 Pac. 824; *Kirby, Ex'r,* v. *Lake Shore & M. S. R. Co.* (C. C.) 14 Fed. 261; *Adams* v. *Church,* 42 Or. 270, 70 Pac. 1037, 59 L. R. A. 782, 95 Am. St. Rep. 740; *Darrow* v. *Calkins,* 154 N. Y. 503, 49 N. E. 61, 48 L. R. A. 302, 61 Am. St. Rep. 637.

It should be remembered that the judgment sought against defendants is for the sale price of real property the title to which was in L. E. Riter deceased at the date of his death. The title of such property descends as real estate to the heirs subject only to the equity of the

surviving partner to have it applied primarily to the trust for which it was acquired. *Adams* v. *Church,* supra; *Darrow* v. *Calkins,* supra.

By the provisions of Comp. Laws Utah 1917, section 7724, the surviving partner is entitled to possession of the partnership assets and has the right to settle its business. He is also charged with the duty of settling the affairs of the partnership without delay, and to account with the executor or administrator of a deceased partner, and to pay over to him such balance as might be payable to him in right of the decedent. The section will be found in full in the opinion of this court in *In re Tripp's Estate,* 51 Utah 359, 170 Pac. 976.

By that statute it is made the duty of the surviving partner to account for whatever property is in his possession that rightfully belongs to the deceased's personal representative after a settlement and adjustment of the partnership affairs. It is also the duty and right, upon the death of the surviving partner, of his administrator or executor to proceed with a settlement of the partnership affairs      3 and to account with the representative of the first deceased partner. *Sharp* v. *Sharp,* 54 Utah 262, 180 Pac. 580. See also, *Galbraith* v. *Tracy,* 153 Ill. 54, 38 N. E. 937, 28 L. R. A. 129, 46 Am. St. Rep. 867.

The allegations, contained in the complaint, that the defendant Lyman is beyond the jurisdiction of the courts of this state, has not now and never has had any of the property of the said partnership, and has refused to take any action looking to an adjustment of the partnership affairs, are, in our opinion, sufficient to authorize the plaintiff, as administrator of the last surviving partner within the jurisdiction of the courts of this state, to institute and maintain an action of this nature, provided the complaint contains the necessary allegations to entitle the administrator to the relief sought.

Appellant contends that its position is supported by the opinion of this court in *Mills* v. *Gray,* 50 Utah, 224, 167 Pac. 358. The partnership relation discussed in that opinion, if it were really a partnership, was, as stated by the writer

of that opinion, "If we consider the plaintiff and defendant partners in that venture, the partnership was very limited indeed." The plaintiff and defendant in that action were shipping ore taken from certain leased premises and each party received a certain per cent. of the net proceeds. It was their custom, upon each shipment and upon the receipt of the proceeds, to then and there divide the sum between themselves according to their respective interests. There was no general partnership. The arrangement between them related wholly to the mining and shipping of this particular ore and the division of the proceeds between them at the completion of each shipment. The relationship existed only for a few months. Upon receipt of the returns from the last shipment the defendant declined to pay to the plaintiff the amount due him under the agreement, and thereupon suit was instituted. The court rightfully held that he was entitled to recover under the particular facts in that case.

We can see no reason why the plaintiff, under the facts alleged, could not maintain an action against the defendants for a general accounting of the partnership affairs, if it is made to appear that an accounting is necessary, coupled with an additional allegation that the estate of Riter, deceased, has been closed and the personal representative released from further duty in the administration of his estate. Under that state of facts, defendants would be, not only the real parties in interest, but the only parties in interest. Moreover, there does not seem to be any reason, if the defendants Riter have property which they received from the estate of Levi E. Riter, deceased, as heirs at law, which property is part of the assets of the partnership, why an action could not be maintained against them jointly with the administrator, if the administration has not been terminated. In either case they are the interested parties, and as such would become necessary parties.

There are other questions discussed in the briefs of counsel, but as the questions considered must result in an affirm-

ance of the judgment it will be unnecessary to consider anything additional.

The judgment of the lower court is affirmed, with costs.'

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.