[S. F. No. 7572. In Bank.—February 16, 1918.]

## PATRICK HOLLAND, Appellant, v. JULIA McCARTHY, Respondent.

ESTATES OF DECEASED PERSONS—PERSONAL PROPERTY OF DECEDENT—TRANSFER PROCURED BY FRAUD—ACTION BY HEIR—DEMURRER.—A demurrer, for want of capacity in the plaintiff to sue, and also for failure to state a cause of action, is properly sustained to a complaint in an action by an heir to set aside a transfer of personal property alleged to have been procured from a decedent in her lifetime by fraud or undue influence, where no special circumstances are shown to take the case out of the general rule that an heir cannot maintain an action for the recovery of or affecting the personal estate of his decedent.

ID.—SETTING ASIDE TRANSFER OF PROPERTY BY DECEDENT—RIGHT OF HEIR TO SUE.—No grounds can be specified which would warrant a suit by an heir in such case since, each case must be governed by the circumstances thereof.

ID.—PROPERTY OBTAINED FROM DECEDENT BY FRAUD—RIGHT OF ACTION IN ADMINISTRATOR.—An action to recover personal property obtained from a decedent by fraud can be maintained only by the qualified personal representative of the deceased.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

W. E. Cashman, and R. M. F. Soto, for Appellant.

William A. Kelly, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Defendant's demurrer to the complaint was sustained, and plaintiff failing to answer within the time allowed therefor, a judgment was entered for defendant, from which plaintiff appeals.

The complaint is in four counts, and, in so far as material to our consideration of the case, alleges: That plaintiff and Margaret I. McNamara are the sole heirs of Mary Anne Holland, who died intestate; that at the time of her death deceased had on deposit in the Hibernia Savings & Loan Society the sum of $5,633.43, which was her separate property; that sometime prior to her death, by reason of the mental incompetency of the deceased and the wrongful acts of Julia McCarthy (for whom since her decease William Kelly, as executor of her estate, has been substituted as defendant), the latter secured from deceased a written instrument authorizing a transfer of said deposit from the name and account of Mary Anne Holland to a new account in the names of "Julia McCarthy, or Mary Anne Holland, payable to either, or the survivor"; that the instrument so authorizing such transfer was procured by undue influence; that it was never signed by Mary Anne Holland nor delivered to Julia McCarthy, who wrongfully and without right, claims title to the deposit of money. The prayer of the complaint is that said written instrument authorizing the transfer of the account be declared void; that said deposit of money be adjudged to be a part of the estate of the decedent; that the Hibernia Savings & Loan Society holds said money in trust for the use and benefit of the estate of deceased and for the plaintiff, and that the court direct that payment thereof be made to plaintiff.

Among other grounds of demurrer sustained by a general order was want of plaintiff's capacity to maintain the action and want of sufficient facts to constitute a cause of action.

Assuming, as we must, against the demurrer, that this money as alleged belonged to deceased at the time of her death and that she died intestate, leaving plaintiff and Margaret I. McNamara as her sole heirs, they are, as provided by section 1384 of the Civil Code, entitled to it "subject to the control of the probate court, and to the possession of any administrator appointed by that court, for the purpose of administration." To like effect is section 1452 of the Code of Civil Procedure, which declares the executor or ad-

ministrator entitled to the possession of all the estate of a
decedent until the estate is settled or delivered by order of
the court to those entitled thereto, but which, as to real
estate only, provides that the heirs alone, or jointly with the
executor or administrator, may sue to recover or quiet title
to the same. By section 1581 of the Code of Civil Proce-
dure, the executor or administrator is required to take into
possession all the estate of a decedent, and by section 1582
such personal representative is empowered to institute ac-
tions for the recovery of such property, whether real or per-
sonal, "or to determine any adverse claim thereon." These
sections, and the provisions of others pertinent to the subject,
contemplate that transfers of property of deceased persons
shall be effected by means of administration under the control
and orders of the probate court acting under and pursuant
to provisions of law designed to protect the rights and in-
terests, not only of the estate of the decedent, but of all
persons interested therein, whether creditors, claimants, heirs
or legatees. To permit one claiming to be sole heir of a de-
ceased person who is alleged to have died intestate, leaving
a deposit of money in bank, to maintain an action of any
character affecting the property, whether for the direct re-
covery thereof or to determine an adverse right thereto, is
well calculated to lead to inevitable confusion and incon-
venience. There might be legatees under a will, or heirs
other than the one suing, or creditors of the decedent entitled
to such money in payment of their claims, none of whom
would be affected by the judgment. Assuming that in the
case at bar and upon issue joined upon all the allegations
of the complaint, judgment had been rendered for the de-
fendants, such judgment would be ineffectual as a plea in
bar to an action against the same defendants for the same
property brought by the administrator of the estate. One
having possession of money or property of a decedent at
the time of the latter's death should not, at the suit of an
heir, be called upon at his peril to deliver or pay it over
unless he can conclusively establish for all time that there
was no will, no legatees, no creditors of the estate, and no
other heirs, without all of which he could not be exempt
from liability, nor unless a judgment therein rendered in his
favor would protect him in subsequent litigation for the
same property by other heirs or the personal representatives

of the deceased. In *Grattan* v. *Williams*, 23 Cal. 16, it is said, quoting from the syllabus: "A debt due to the intestate is a personalty and does not descend to the heir like realty, but vests in the administrator who has the sole right to maintain actions to collect the same." To this point the case was cited with approval in *Robertson* v. *Burrell*, 110 Cal. 568, [42 Pac. 1086], where the court says: "Nor can the heir by any act of his own strip the representative of any of his rights or relieve him from the performance of any of his duties. The heir may sell his interest, but the administrator still has control of the property sold for the payment of debts and the general purposes of administration. The heir cannot bring an action to enforce payments or collect debts; and, even when he attempts to do so by suing in his individual capacity as executor, the right of action not being in both, but in the executor alone, a demurrer will be sustained." To the same effect is *Buchanan* v. *Buchanan*, 75 N. J. Eq. 274, [138 Am. St. Rep. 563, 20 Ann. Cas. 91, 22 L. R. A. (N. S.) 454, 71 Atl. 745], where it is held that the next of kin of a decedent have no standing in a court of law or equity to maintain an action for the recovery of property alleged to belong to the estate of their decedent. The general rule, supported by all the authorities in this as in other jurisdictions, is that in the *absence of special circumstances* an heir cannot maintain an action for the recovery of or affecting the personal estate of his decedent. If such be the general rule, then, it follows that in order to maintain the action the heir must in his complaint set forth the special circumstances which as to him constitute the exception to the rule, and by virtue of which he is entitled to maintain the action. To undertake to specify grounds which would bring a case within the exception could serve no purpose, since each case must be governed by the circumstances thereof. Sufficient to say that the complaint in the instant case (the material allegations of which we have set out) is entirely barren of any facts constituting grounds for invoking the equitable aid of the court in protecting plaintiff's interest in the estate of decedent. Such actions can be maintained only by the qualified personal representative of the deceased, the existence of whom, having charge of the estate, we must assume in the absence of any allegations to the contrary.

Appellant in support of his contention cites a number of cases to the effect that an administrator cannot sue to set aside a fraudulent transfer made by his intestate unless there is a deficiency of assets wherewith to pay existing creditors. This is quite true, for the reason that the creditors only are interested. The heirs stand in the shoes of the fraudulent grantor, and since he would have been precluded from setting aside such conveyance it necessarily follows that they are likewise bound. (*Shiels* v. *Nathan,* 12 Cal. App. 604, [108 Pac. 34]; *Emmons* v. *Barton,* 109 Cal. 662, [42 Pac. 303].) The instant case, however, does not involve a fraudulent conveyance made by plaintiff's intestate. According to the complaint, the fraud and wrong whereby Mary Anne Holland was induced to part with the money was committed by Julia McCarthy, and since Mary Anne Holland in her lifetime might have brought suit to recover it, her personal representative not only has the power, but it is his duty to sue for the recovery thereof as a part of the estate of decedent, to which, as administrator, he is entitled. The cases of *Tully* v. *Tully,* 137 Cal. 60, [69 Pac. 700], and *Estate of Page,* 57 Cal. 241, cited by appellant as upholding the right of an heir to bring suit to quiet title to real estate, are not applicable, for the reason that such right is secured by the provisions of section 1452 of the Code of Civil Procedure.

Upon further consideration of the case, we are satisfied with the conclusion reached in the Department decision.

The judgment is, therefore, affirmed.

Shaw, J., Sloss, J., Melvin, J., Wilbur, J., Richards, J., *pro tem.,* and Angellotti, C. J., concurred.

Rehearing denied.

Following is the opinion rendered in Department, December 27, 1917, referred to in the foregoing decision:

MELVIN, J.—Plaintiff appeals from a judgment entered after the sustaining of defendant's demurrer to the complaint and the failure of plaintiff to amend his pleading within the time allowed by the court. Upon suggestion of the death of Julia McCarthy the executor of her last will has been substituted as respondent.

Patrick Holland sued as surviving husband of Mary Anne Holland, deceased, to quiet title to a fund deposited by said Mary Anne Holland during her lifetime in the bank of defendant, The Hibernia Savings and Loan Society. There are four counts in which it is elaborately pleaded that prior to her death Mrs. Holland, by an instrument in writing, apparently made the account payable to herself or Julia McCarthy or to the survivor; that thereafter Julia McCarthy caused the money to be transferred to another and new account in the names of "Julia McCarthy or Mary Anne Holland, payable to either or the survivor"; and that all of the original sum still remained on deposit in the said bank except five hundred dollars drawn by Julia McCarthy during the life of Mrs. Holland. There are allegations, which we need not set forth in full, to the effect that Julia McCarthy by fraud, undue influence, and by plying Mrs. Holland with liquor, succeeded in wrongfully securing the fund in question, at a time when Mrs. Holland was incompetent lawfully to dispose of said property.

One of the points made by the demurrer to the complaint was that plaintiff did not have capacity to sue. This objection was, in our opinion, well taken.

While conceding that in California there is no authority supporting the right of one taking by inheritance as plaintiff herein to sue to quiet title to personal property of his decedent, nevertheless appellant bases his assertion of such right upon the propositions (1) that upon the death of Mrs. Holland, intestate, all of her estate, real and personal, vested in her heirs (citing Civ. Code, secs. 1383, 1384, 1386 and 1402; *Estate of Patterson,* 155 Cal. 626, [132 Am. St. Rep. 116, 18 Ann. Cas. 625, 26 L. R. A. (N. S.) 654, 102 Pac. 941]; *Raulet* v. *Northwestern National Ins. Co.,* 157 Cal. 213, [107 Pac. 292], and other authorities to the same effect); (2) that in California a tenant in common may sue alone without joining his cotenants (Code Civ. Proc., citing sec. 384; *Cassin* v. *Nicholson,* 154 Cal. 497, [98 Pac. 190], and other authorities). While his premises are undoubtedly correct, the conclusion drawn by appellant is erroneous. Indeed one of the sections cited in his brief (1384 of the Civil Code) provides that the property of an intestate passes to his or her heirs "subject to the control of the probate court." Therefore, in the absence of special equitable reasons (of a

sort which are not set forth in this complaint), no heir as such would be permitted to sue directly to quiet title to property belonging to the estate of his intestate.    While title to the property of his intestate vests in an heir upon the death of such intestate, his title does not carry with it the right of immediate enjoyment.    The rights and duties of the administrator of the estate intervene between vesting of title and right to possession.    Section 1452 of the Code of Civil Procedure, authorizing such suits by heirs or devisees, is limited to real property.    Therefore, generally speaking, and in the absence of some default or some fraud or a refusal on the part of the administrator to collect the property of the estate, the heir may not, in his individual capacity, bring an action to collect debts due the estate or one to preserve title to the personal property.    (*Robertson* v. *Burrell,* 110 Cal. 568, [42 Pac. 1086] ; *Bollinger* v. *Bollinger,* 154 Cal. 695–707, [99 Pac. 196] ; *Miller* v. *Ash,* 156 Cal. 544–556, [105 Pac. 600] ; *Rogers* v. *Schlotterback,* 167 Cal. 35–56, [138 Pac. 728] ; 18 Cyc. 355.)

Our conclusion upon this branch of the case removes the necessity of deciding whether or not plaintiff is estopped to prosecute this action by the decision of the district court of appeal in *McCarthy* v. *Holland,* 30 Cal. App. 495, [158 Pac. 1045], a case which we refused to transfer to this court on petition to that end.

The judgment is affirmed.

Henshaw, J., and Angellotti, C. J., concurred.