[Civ. No. 16687. First Dist., Div. Two. Mar. 26, 1956.]

ROY A. ROGERS, Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Administrator, etc., et al., Respondents.

Roy A. Rogers, in pro. per., for Appellant.

Dreher, McCarthy & Dreher for Respondents.

NOURSE, P. J.—Plaintiff appeals from a judgment entered on the sustaining without leave to amend of a demurrer to his fourth amended complaint against the administrator of the estate of Elizabeth A. (Green) Rodgers, hereinafter called the decedent. To all four prior drafts demurrers had been sustained with leave to amend. All demurrers contained among other grounds that the complaint did not state facts sufficient to constitute a cause of action and that plaintiff had no legal capacity to maintain the action. We have concluded that the fourth amended complaint also suffers from said and other defects.

The basis of the complaint in all its forms is that decedent allegedly stole or took by fraud from plaintiff's grandmother Elizabeth McConnell real and personal property, and that she commingled the moneys and securities so obtained with her

own. Decedent was a daughter of the second marriage of Elizabeth McConnell, whereas plaintiff is the only issue of Maria T. Rogers, a daughter of the first marriage of Elizabeth McConnell. Elizabeth McConnell died in San Francisco on March 27, 1906. Several more descendants of hers are mentioned in the complaint—the children of decedent as defendants—but none of them seem to have been served and they are not parties to the action. It is further alleged that in September 1947 and April 1948 decedent informed plaintiff that she held property which belonged to plaintiff as his share in the estate of Elizabeth McConnell from whom she had wrongfully taken it, which matters she had fraudulently concealed from the heirs and next of kin of Elizabeth McConnell, and that decedent had then promised fully to account therefor to plaintiff, but that she left California on October 17, 1948, taking her possessions with her, and that she died in Georgia on March 8, 1950, without rendering the accounting promised.

Plaintiff timely filed his claim in the estate of decedent, but it was rejected. Plaintiff's prayer is in substance that he recover his share of the estate of Elizabeth McConnell which decedent held for plaintiff's benefit, that the administrator of the estate of decedent account for the property so held and that a trust be imposed on the assets of the estate of decedent for the value of plaintiff's said interest.

The allegations as to decedent's depredations in the fourth amended complaint are brief. Many details contained in the second and third amended complaints among others as to the time of the alleged acts, are omitted from the last complaint allegedly on the ground that they were "irrelevant, redundant and evidentiary." It is not contended that they were incorrect or that the several complaints do not relate to the same facts. All complaints are verified. To the general rule that an amended pleading supersedes the prior one, which thereafter is disregarded, there is the well settled exception, that if a prior verified complaint contains allegations which make it fatally defective, the defect cannot be cured by omitting said allegations in the later complaint without proper explanation and the court may then still consider said omitted allegations. (*Owens* v. *Traverso,* 125 Cal.App.2d 803, 808 [271 P.2d 164]; *Lee* v. *Hensley,* 103 Cal.App.2d 697, 709 [230 P.2d 159]; *Slavin* v. *City of Glendale,* 97 Cal.App.2d 407, 411 [217 P.2d 984].)

 With respect to the taking of real property the third amended complaint alleged in substance that decedent together

with her first husband Alexander Montgomery by means of forged deeds transferred said real property to fictitious persons, unlawfully sold said properties and commingled the money received therefrom with their own. Alexander Montgomery died on November 4, 1893. Elizabeth McConnell thereafter engaged in the saloon business in San Francisco and died in Oakland on March 27, 1906. In the second amended complaint it is moreover alleged that ''plaintiff's grandmother, by reason of the said Lizzie Green, [decedent], having forged her name to the conveyances of said properties did from and after August 28, 1884 [the date of the marriage of decedent to Montgomery], and up to the time of her death, use the name of Elizabeth A. Inskip, alias Inskeep'' [Inskip was the name of her first husband, Green the name of her second husband, the father of decedent]. It is also alleged in the second amended complaint that when Elizabeth McConnell in her saloon business accumulated an estate, she ''specifically refrained from acquiring any real property.'' These allegations show that Elizabeth McConnell during many years prior to her death knew of the fraudulent real estate transactions on which the action of plaintiff is in part based and which took place prior to Montgomery's death in 1893, and that any action of Elizabeth McConnell against her daughter on that ground was barred by the statute of limitations (Code Civ. Proc., § 338, subd. 4) at the time of Elizabeth McConnell's death so that her heirs or next of kin could not derive any such cause of action from her. Said bar of the statute was duly stated as a ground of defendant's demurrer to the fourth amended complaint. No circumstance tolling the statute is alleged in the complaints and it is not contended by appellant that such a ground could be introduced by further amendment. The promises made by decedent in 1947-1948 of which it is not alleged that they were made in writing and of which it is alleged in the second amended complaint that they were made orally cannot take the case out of the operation of the statute (Code Civ. Proc., § 360; *Norton* v. *Bassett,* 154 Cal. 411, 418 [97 P. 894, 129 Am.St.Rep. 162]).

With respect to the taking of personal property it is alleged in the fourth amended complaint that decedent broke open a trunk of Elizabeth McConnell at her home in Oakland and took from it moneys and securities in excess of $26,000, and that she concealed said matter from the heirs at law and next of kin of said Elizabeth McConnell. In the third amended

complaint it is stated that said theft took place on the day of Elizabeth McConnell's death (March 27, 1906) and that at the funeral on March 30, 1906, decedent informed plaintiff and his mother that Elizabeth McConnell had died penniless. Her estate was never probated.

It cannot be said that the statute has barred any action for said alleged theft because there are allegations, not fully stated above, as to how the theft was concealed, that it was only revealed to plaintiff in 1947-1948 and that decedent was absent from the state since October 1948 so that the running of the statute was suspended. However, the complaint does not state a cause of action in plaintiff and does not show his capacity to sue. The action for the theft evidently was part of Elizabeth McConnell's estate. It is not alleged whether Elizabeth McConnell died testate or intestate and why in either case plaintiff was entitled to any part of her estate. If she died intestate plaintiff's mother, who was alive at the time of Elizabeth McConnell's death, would succeed to the exclusion of plaintiff. It is not alleged that plaintiff's mother died, testate, intestate or at all. Possibly these defects could be cured in some way by further amendment but appellant does not complain of the fact that he is not allowed further to amend and tries to uphold his present (fifth) draft to which the sustaining of a demurrer was certainly justified. Moreover, even if appellant could allege that he was directly or indirectly entitled to a share of the estate of Elizabeth McConnell such would not entitle him to bring action for personal property belonging to the estate. ▉ It has long been settled that such action must be brought by the executor or administrator of the estate. (*Robertson* v. *Burrell*, 110 Cal. 568, 574 et seq. [42 P. 1086] ; *Holland* v. *McCarthy*, 177 Cal. 507 [171 P. 421].) Only in exceptional circumstances when the representative of the estate cannot or will not act or obstructs the action, may such action be brought by heirs. (21 Cal.Jur.2d 410.) The fact that the estate has not been probated or that there is no representative is not such a circumstance. In *Chard* v. *O'Connell*, 48 Cal.App.2d 475, 477 [120 P.2d 125] this court said: "Since plaintiff in that count attempts to sue as an heir and expressly alleges that no administrator of her mother's estate had ever been appointed that count fails to state a cause of action. It was expressly held in *Holland* v. *McCarthy*, 177 Cal. 507 [171 P. 421], that an action to set aside a transfer of personal property by a decedent on the

ground of fraud or undue influence must be brought by an executor or administrator and cannot be maintained by an heir in the absence of allegations of circumstances taking the case out of the general rule.'' The alleged promise of decedent to account to plaintiff, who was not the person entitled to the accounting under the above rule is nugatory if meant to give the right to him personally. The allegation of said promise cannot be permitted to circumvent the above rule of our law ''designed to protect the rights and interests, not only of the estate of the decedent, but of all persons interested therein, whether creditors, claimants, heirs or legatees.'' (*Holland* v. *McCarthy, supra,* 177 Cal. at p. 509.)

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.