[Civ. No. 24055. Second Dist., Div. Two. Mar. 7, 1960.]

WILLIAM E. DORLAND, as Administrator With the Will Annexed, etc., Respondent, v. INEZ DORLAND, Appellant.

George W. Trammell for Appellant.

Albert Vieri for Respondent.

HERNDON, J.—This case presents a classic example of the unnecessary complications, trouble and expense which all too often result from the careless mistakes of prevailing counsel

in the preparation of findings of fact, conclusions of law and judgment. Rather obvious mistakes of this nature were made in the present case, necessitating amendments to the judgment which were ordered *nunc pro tunc.* Appellant's major contention on this appeal challenges the power of the trial court so to amend its judgment in the circumstances presented.

Respondent William E. Dorland, in his capacity as administrator c.t.a. of the estate of Henrietta E. Dorland, deceased, brought this action against his sister, the appellant Inez Dorland. The complaint is entitled: *"For accounting and to impress trust on the real and personal property and for conversion."* The gist of the complaint is that the deceased, prior to her death and at a time when she was advanced in age, mentally ill and incompetent, and under appellant's undue influence, conveyed and delivered to appellant, her daughter, certain described real and personal property. In paragraph XVI it is alleged: "That your plaintiff charges that said defendant, Inez Dorland, holds in trust the real property above-described *for the estate;* . . . That she holds in trust personal property, the description of which is well known to the defendant, but only generally known to the plaintiff and which includes, silverware, rings, brooches and the like; . . . That she holds in trust 365 shares of stock and additional property belonging to the decedent, the existence, extent and nature of which can only be determined by an accounting." (Emphasis added.)

By the prayer of his complaint, respondent administrator sought a judgment (1) requiring appellant "to account for all of the properties, monies and assets which she received from the decedent or which she received on behalf of the decedent. (2) That *the estate* have and recover judgment against the defendants for such sums as the accounting may show to be due. (3) That the court make its order declaring the defendant, Inez Dorland, trustee *for the benefit of the estate* of the [described] real estate . . . (4) That the court make its order declaring the defendant, Inez Dorland, trustee of the rings, brooches, silverware and other personal property obtained from the said decedent by the defendant. (5) That the court make its order ordering the said defendant, Inez Dorland, to recover *to the estate of the decedent* the properties so held in trust, or (6) That *the estate* have and recover judgment against the defendant, Inez Dorland, in the sum of $15,000 . . ." (Emphasis added.)

After a nonjury trial, judgment was ordered in favor of respondent administrator. The findings of fact, although in

many respects quite inartificial in form, contain direct, express and sufficient findings to the effect that the execution of the deed conveying the real property in question to decedent and appellant as joint tenants was induced by appellant's undue influence, and that the deed was executed at a time when decedent was mentally incompetent.

It was also found, among other things, that appellant had in her possession certain described items of personal property and that she held the same "in trust for the estate of the decedent herein," and, further, that appellant held "in trust for the estate of the decedent certain [real] property which now stands in the name of the defendant which is described as follows: [description]."

In the conclusions of law, the trial court declared as follows, among other things; that during the year 1949 appellant became a trustee for the benefit of the decedent of various items of personal property; that in the year 1953 appellant became a trustee for the benefit of the decedent of the described real property, which in that year was transferred to appellant and decedent as joint tenants; that appellant "now holds in trust the said real property"; and that "the plaintiff as administrator of the estate of the decedent is entitled to have the following property conveyed and delivered to him by the defendant: . . . [description] . . ."

The judgment, as originally entered on July 17, 1958, read in material part as follows: "I. That the defendant Inez Dorland holds as trustee for the estate of Henrietta E. Dorland, deceased, the following personal property: [There follows a description of certain personal property and the real property in question.] II. That the defendant Inez Dorland shall convey the said real property to the estate of Henrietta E. Dorland, deceased, and shall transfer to said estate 36 shares of National Steel and Shipbuilding Co. stock and deliver the same to its administrator after they have been transferred and said defendant shall deliver to the estate of Henrietta E. Dorland, deceased, the said two rings and deliver the same to the Administrator of the said estate."

It appears that on October 28, 1958, appellant executed, and through her attorney delivered to counsel for respondent, a quitclaim deed conveying the real estate in question to "*the estate of Henrietta E. Dorland, deceased.*" Promptly thereafter respondent caused this deed to be recorded.

Apparently a report from a title insurance company brought to respondent's counsel a realization of the fact

that the deed naming "the estate" of the decedent as grantee was invalid and ineffective. On December 19, 1958, respondent served and filed his *"Motion to correct judgment and points and authorities and affidavit."* This motion sought an order amending the judgment so that it would require appellant to convey the real property to respondent *as administrator* rather than to the *estate* of the decedent. In support of his motion, respondent among other things stated: "That the title company has refused to issue insurance on the said deed of Inez Dorland based on the case of *Tanner* v. *Best's Estate, et al.,* 104 P.2d 1084, 40 CA2d 442, which reads as follows: ' "The 'estate' of a decedent is not an entity known to the law, and is neither a natural nor an artificial person, but is merely a name to indicate the sum total of assets and liabilities of a decedent, or of an incompetent, or a bankrupt." ' "

After a hearing on respondent's motion, the court, on January 6, 1959, entered a minute order directing that the findings of fact, conclusions of law and judgment be amended in certain specified particulars. On January 15, 1959, the court signed and filed a formal written order reciting that "through inadvertence and a clerical error, it [*sic*] was omitted from the records of said judgment reference to the fact that the person in favor of whom a trust was found to exist and the person in whose favor judgment was obtained was the plaintiff." The order further directed that the two paragraphs of the judgment above quoted be amended *nunc pro tunc* so that the same would read as follows: "I. That the defendant holds the following personal property in trust for the plaintiff herein and the following real property in trust for the heirs and/or devisees of Henrietta E. Dorland, deceased, subject to administration by the Plaintiff herein: [There follows a description of certain personal property and the real property in question.] II. That the defendant Inez Dorland shall convey said real property to the heirs and/or devisees of Henrietta E. Dorland, deceased, subject to administration by William E. Dorland, administrator with-the-will-annexed of the Estate of Henrietta E. Dorland, deceased. Defendant is further ordered to transfer and deliver to William E. Dorland, as administrator-with-the-will-annexed of the Estate of Henrietta E. Dorland, deceased, the 36 shares of stock of the National Steel and Shipbuilding Company, and shall also deliver the one carat ring to plaintiff as administrator-with-the-will-annexed of the said estate."

Appellant has appealed from: (1) the minute order of January 6, 1959, directing that the judgment, findings of fact and conclusions of law be amended *nunc pro tunc*; (2) the formal written order of January 15, 1959; and (3) the judgment as amended. Appellant's first and major contention is that there was no clerical error in the rendition or entry of the original judgment, and that, accordingly, the trial court was without power to amend or correct the judgment *nunc pro tunc*.

Our conclusions with respect to the determinative question are these: (1) that the judgment, as corrected by the order of January 15, 1959, in every material and substantial sense is in complete conformity with the intent of the trial court's decision as evidenced (a) by the minute order of May 27, 1958, which constituted the first informal indication of the decision, and wherein judgment was ordered for plaintiff ''declaring the defendant to be trustee for the benefit of plaintiff'' as to the property in controversy, (b) by the findings that decedent was mentally incompetent when she conveyed the property in controversy to defendant, and that decedent had been induced to part with said property by undue influence exerted by defendant, and (c) by the declaration in the conclusions of law that plaintiff *as administrator* was entitled to have the property in question conveyed and delivered to him by the defendant; and (2) that the amendments of the judgment, which were accomplished by the *nunc pro tunc* order, effected no change in the *substantial* provisions of the judgment, but served only to correct mistakes which were purely *formal* in nature.

It is unquestionably true, as appellant argues, that in a strict and technical sense the *estate* of a deceased person is not a legal entity. Thus, it is well-known that an estate, as such, may not take title to real property. When a person dies, the title to his real property vests, not in his estate, but in his heirs or devisees, subject to administration. It follows that there was an obvious formal mistake in the language of the original judgment which ordered the defendant to convey the real property in question to the decedent's estate.

On the other hand, in common legal parlance, in the textbooks, and even in the decisions, the word ''estate'' is frequently so used as to indicate that it imports the concept of an entity. In any event, the true purpose, purport and effect of the original judgment were clear and unmistakable.

Obviously it was designed and intended to divest the defendant of title to, and of possession of, property which the decedent would have been entitled to recover on her own account had she survived. Manifestly, the action was brought by plaintiff in his representative capacity to vindicate and enforce the rights of those whom the law authorizes him to represent, to wit: creditors and heirs or devisees and legatees, as the case may be. The amended judgment divested defendant of nothing that was not taken from her by the original judgment.

It is well settled that a court has inherent power, on motion of a party or on its own motion, to correct clerical errors in a judgment or order at any time. (*Bastajian* v. *Brown,* 19 Cal.2d 209, 214 [120 P.2d 9]; *Estate of Goldberg,* 10 Cal.2d 709, 717 [76 P.2d 508]; *LaMar* v. *Superior Court,* 87 Cal.App.2d 126, 129-130 [196 P.2d 98]. See also 29 California Jurisprudence 2d 13, Judgments, section 99, and cases cited.) The distinction between a clerical error or misprision, which is amendable, and a judicial error, which is not, has been developed in a number of cases. "Ordinarily, although originally and in its literal significance, a clerical error is one that has been made by a clerk or some subordinate agent, latterly the meaning has been broadened and extended so that it now may include an error that may have been made by the judge or by the court." (*Estate of Goldberg, supra,* at 715.)

The corrections in the judgment here made by subsequent amendment stand on essentially the same footing as amendments to correct a misnomer. It long has been recognized that such mistakes may be corrected at any time on motion. (*Mirabito* v. *San Francisco Dairy Co.,* 8 Cal.App.2d 54, 57-58 [47 P.2d 530]; *Thomson* v. *L. C. Roney & Co.,* 112 Cal.App.2d 420, 425-426, 427 [246 P.2d 1017]. See also *Thompson* v. *Southern Pac. Co.,* 180 Cal. 730, 734 [183 P. 153]; *Smith* v. *Pickwick Stages System,* 113 Cal.App. 118, 122 [297 P. 940] et seq.; *Walsh* v. *Decoto,* 49 Cal.App. 737 [194 P. 298], *passim; Leviston* v. *Swan,* 33 Cal. 480, 484; *Boust* v. *Superior Court,* 162 Cal. 343, 345 [122 P. 956]; *City & County of San Francisco* v. *Brown,* 153 Cal. 644 [96 P. 281], *passim.*)

Where, as in the instant case, "the amendment does not affect substantial rights of the defendant, but consists in the rectifying of a clerical mistake appearing on the face of the record," courts have consistently displayed liberality in permitting amendment. (*Boust* v. *Superior Court, supra,* 162

Cal. 343, 345.) It would be a reproach to the efficiency of our legal system if it did not sensibly provide a summary method by which to correct obvious and formal mistakes of the character here involved.

 Appellant has challenged the sufficiency of certain of the findings, including the "catch-all" or "omnibus" finding "That all material allegations of the complaint and the answer inconsistent herewith are not true." We agree that findings of this character deserve unqualified condemnation. (*Williams* v. *Wren*, 88 Cal.App. 607, 608 [263 P. 1038] ; *Holt Mfg. Co.* v. *Collins*, 154 Cal. 265, 276 [97 P. 516] ; *Gordon* v. *Beck*, 196 Cal. 768, 775 [239 P. 309].) However, it is not necessary to rest the judgment in the present case upon the quoted omnibus finding. As we have previously observed, all the facts necessary to support the judgment are fully and specifically set forth in other detailed findings. While there is justification for some of the criticism which appellant has leveled at certain of the findings, we conclude, that when read in their entirety, they are sufficient. Where, as in this case, the trial court has made specific findings which are in themselves entirely sufficient to sustain the judgment, general findings of the type here criticized will be disregarded. (*Turner* v. *Turner*, 187 Cal. 632, 635-636 [203 P. 109].)

The orders and the judgment appealed from are affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied March 31, 1960, and appellant's petition for a hearing by the Supreme Court was denied May 4, 1960.