[Civ. No. 24752.    Second Dist., Div. Three.    June 5, 1961.]

SUZANNE MILLER ALTON, Appellant, v. GEORGE
GERARD ALTON, Respondent.

William F. Powers for Appellant.

Harry J. Crawford for Respondent.

FORD, J.—This is an appeal from a denial of the appellant's application for an order requiring the respondent to make payments to her for her support.

A final judgment of divorce was entered on February 15, 1946, under which payments for the appellant's support were ordered to be made. Pursuant to the stipulation of the parties, on October 30, 1956, the court modified the then existing provisions for support and ordered that the respondent pay to the appellant the sum of $100 per month for her support, together with the sum of $100 per month for the support of a minor child. That order provided that it should "continue pending further Order of a Court of competent jurisdiction." Thereafter, on December 3, 1958, upon the application of the respondent an order to show cause why that order should not be modified was issued. Pursuant thereto, when the matter was heard on January 15, 1959, the court made an order

which, as embodied in the minutes of the court, was as follows: "The Order of October 30, 1957, is modified and the support of the minor child, Michael, is to *terminate* forthwith. Defendant is ordered to continue making payments of $100 a month for the support of the plaintiff for a period of 6 months, at which time further payments for alimony shall *cease*. This modification is conditioned upon the defendant's paying all arrears for child support and alimony in the amount of $300 at the present time, these sums may be paid in a monthly amount or in one lump sum. *In all other respects, the Order of October 30, 1957, is to remain unchanged.* Defendant is ordered to pay directly to plaintiff $25 costs, payable forthwith."[1] (Emphasis added.) Counsel for the respondent gave notice by mail to the appellant of such order on January 29, 1959, in which notice was included the language just quoted.

On July 28, 1959, in response to the application of the appellant, the court issued its order to show cause addressed to the respondent. Thereby he was ordered to appear and show cause why he should not be required to pay the appellant the sum of $250 per month for her support until further order of the court. After that matter came before the court on September 10, 1959, there having been a prior continuance, the court made an order, the body of which is as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff's Order to Show Cause in re Modification be denied.

"IT IS FURTHER ORDERED that the prior order made herein by the Court in Department 8, on January 15, 1959, terminating all payments by defendant to plaintiff for child support and ordering defendant to pay plaintiff six months' further alimony payments of $100.00 per month, at which time further payments for alimony shall cease, was intended by this court to be a final termination of alimony payments by defendant to plaintiff at the end of said six months' period, without any reservation by the court to plaintiff of the right to request or receive further alimony payments from defendant." It is from that order, which was dated September 15, 1959, that the present appeal is taken.

A trial court has the power to terminate payments for support and maintenance in a proper case and upon a legally sufficient showing. (*Bowman* v. *Bowman*, 29 Cal.2d

[1] The correct date of the order which was modified is October 30, 1956, the date of "October 30, 1957" obviously having been used because of clerical error.

808, 814 [178 P.2d 751, 170 A.L.R. 246].) ▮ When the court makes an order releasing the husband permanently from liability for such support and maintenance and thereby indicates that the order shall be final and not subject to modification, the court thereafter has no power to reimpose an obligation to make payments of that nature. (*McClure* v. *McClure*, 4 Cal.2d 356, 361 [49 P.2d 584, 100 A.L.R. 1257].)

Setting aside for the moment the question of the right of a court to correct a clerical error in its order and the propriety of the exercise thereof under circumstances such as those existing in the present case, we turn first to the question whether jurisdiction to order further payments for support was retained by virtue of the language employed in the order of January 15, 1959. The pertinent sentence is: "In all other respects, the Order of October 30, 1957 [1956], is to remain unchanged." The only subjects with which the latter order dealt were the support of the children, support being ordered for one child only commencing December 1, 1956, and support of the appellant; jurisdiction was retained as to those subjects by the provision that that order should continue "pending further Order of a Court of competent jurisdiction." The core of the problem is whether such retention of jurisdiction was incorporated by reference in the order of January 15, 1959, by the use of the language that "[i]n all other respects" the prior order was "to remain unchanged."

Assuming for the present that the order of October 30, 1956, correctly represented the determination of the trial court then made, the interpretation thereof must be based upon its terms without the aid of extrinsic evidence because no uncertainty or ambiguity appears therein. Under such circumstances, there is no issue of fact and it is the function of this court to determine the meaning of the order in accordance with the applicable principles of law. (*Yarus* v. *Yarus*, 178 Cal.App.2d 190, 201-202 [3 Cal.Rptr. 50].)

In *Soule* v. *Soule*, 4 Cal.App. 97 [87 P. 205], the lower court modified a decree of divorce by an order which exempted the former husband from the payment of support to the plaintiff therein until further order of the court. As to that matter, the appellate court said in part, at page 101: "The objection that under its power to 'modify' its decree the court is not authorized to grant the defendant a temporary exemption or release from the payment of any alimony must be overruled." (See also *Anderson* v. *Anderson*, 129 Cal.App.2d 403, 407-408 [276 P.2d 862].) In *McClure* v. *McClure, supra,* 4 Cal.2d

356, an order relieved the defendant from thereafter paying alimony to the plaintiff in any sum whatsoever. With respect to that order, the Supreme Court said, at page 359: "As indicated in our quotation, the words 'until further order of this Court,' by which the court would have reserved expressly the right to restore alimony, were deleted." In *Gebhardt* v. *Gebhardt*, 69 Cal.App.2d 723 [160 P.2d 177], the lower court had ordered that payments of alimony should "cease as of the first day of March, 1944, until further order of this Court." (P. 726.) In addition, the order contained the following provision: "The Court expressly reserves jurisdiction to make such other or further orders, from time to time, as may be necessary by reason of changed circumstances of the parties." With respect to such reservation of jurisdiction, the appellate court said, at page 728: "The trial judge, however, was called upon to consider the facts presented in the wife's affidavit and the possible future hardship which she might suffer by reason of a final termination of the obligation of her former husband to contribute to her support. The appellant contends that the failure of the judge to rule as he desired constituted an abuse of discretion under the existing circumstances, but we find nothing in the record to substantiate that claim." ▆▆ Under the reasoning upon which the cases just discussed are based, we are satisfied that the court not only had the power to reserve jurisdiction to restore payments to the appellant for her support but, in fact, did reserve that jurisdiction by the incorporation by reference in the order of January 15, 1959, of the provision of the order of October 15, 1956, that "said Order continue pending further Order of a Court of competent jurisdiction."

The problem remaining for determination is whether the language so incorporated by reference in the order of January 15, 1959, could thereafter be stricken on the ground that such incorporation was due to clerical error. Before focusing attention on the specific facts of the instant case, the law applicable to the correction of clerical errors will be considered generally. ▆▆ "It is well settled that a court has inherent power, on motion of a party or on its own motion, to correct clerical errors in a judgment or order at any time." (*Dorland* v. *Dorland*, 178 Cal.App.2d 664, 670 [3 Cal.Rptr. 262]; see also *Hansen* v. *Hansen*, 93 Cal.App.2d 568, 570 [209 P.2d 626]; *LaMar* v. *Superior Court*, 87 Cal.App.2d 126, 129 [196 P.2d 98].) ▆▆ As stated in *Minardi* v. *Collopy*, 49 Cal.2d 348, at page 352 [316 P.2d 952]: "It is primarily for the trial

judge to determine whether a decision misstated his real intention and whether the judgment as signed was an inadvertence. ■ The trial court, independently of statute, has the power to correct its mistake and amend its orders which are not the result of an exercise of judicial discretion.'' (See also *Brown* v. *Brown,* 162 Cal.App.2d 314, 318 [328 P.2d 4].) ■ ''The facts within the personal knowledge of the judge may be considered, and in vacating or correcting a clerical error or mistake he may give effect to his own recollection.'' (*Bastajian* v. *Brown,* 19 Cal.2d 209, at 215 [120 P.2d 9].)

■ In the case now before us, the judge who made the order which is the basis of this appeal was the judge who made the order of January 15, 1959. While the formal order dated September 15, 1959, is phrased in the language of an order in that part wherein it is stated what the intention of the court in its order of January 15, 1959, was, such portion thereof is in substance merely a finding of fact as to such intention; its true nature as a finding of fact survives even if it is embodied in what is framed as an order. (*Cf. Gossman* v. *Gossman,* 52 Cal.App.2d 184, 191 [126 P.2d 178].) Assuming for the moment that the order of January 15, 1959, could properly have been amended, there is, in fact, no order designating any specific correction of that order predicated upon such a finding of a clerical error (*cf. Carter* v. *J. W. Silver Trucking Co.,* 4 Cal.2d 198, 204 [47 P.2d 733]), although it appears to have been the intention of the court to make such a correction. An order for the correction of a clerical error which is found to exist does not generate itself but is the result of specific judicial action. (*Cf. Estate of Lilley,* 169 Cal.App.2d 540, 542 [337 P.2d 585]; *Mills Sales Co.* v. *Gonzales,* 146 Cal.App.2d Supp. 899 [304 P.2d 274].)

■ But even if it be assumed that the order presently before this court for review has the effect of eliminating the language originally incorporated by reference in the order of January 15, 1959, on the ground that such incorporation was due to clerical error, there is then presented the question of the propriety of making such correction. Such a change, even though it be of a clerical nature, does not merely relate to an error obvious from the face of the record as in many cases (*cf. Dorland* v. *Dorland, supra,* 178 Cal.App.2d 664, 670), but affects a substantial right of the appellant. (See *Boust* v. *Superior Court,* 162 Cal. 343, 345 [122 P. 956]; *Brashear* v. *Gerbracht,* 128 Cal.App.2d 263, 268 [274 P.2d

933] ; *LaMar* v. *Superior Court, supra,* 87 Cal.App.2d 126, 129 ; *cf. Fay* v. *Stubenrauch,* 141 Cal. 573, 575 [75 P. 174] ; *Waters* v. *Spratt,* 166 Cal.App.2d 80, 86 [332 P.2d 754].) As has been noted, on January 29, 1959, the respondent served on the appellant a copy of the order of January 15, 1959, which copy contained the language of incorporation as follows : "In all other respects, the Order of October 30, 1957, is to remain unchanged." Such acquiesence by the respondent in the language of the order is indicative of an understanding of the court's determination not in harmony with the declaration of the judge made months later that the order did not truly express his intention. (*Cf. Nacht* v. *Nacht,* 167 Cal.App. 2d 254, 265 [334 P.2d 275] ; *Nathanson* v. *Murphy,* 147 Cal. App.2d 462, 470 [305 P.2d 710].) Aside from the unfairness of permitting the respondent to profit by the elimination from an order of language which he represented to the appellant to be a part thereof (*cf. Brown* v. *Brown, supra,* 162 Cal. App.2d 314, 318), the appellant was entitled to rely on the order as written in governing her future action. Its language could not reasonably instill in her a fear that it might have been intended to mean something other than that which was actually stated therein ; she would not be expected to appeal therefrom since it purported to reserve to the court jurisdiction with respect to the subject of the restoration of payments for support. To sanction such a correction under the facts of this case would be to do irreparable harm to the appellant and to condone a miscarriage of justice.

The appellant was entitled to a hearing on the merits with respect to her application for the restoration of a provision for payments for her support. Such a hearing was denied her. Therefore, the order from which she has appealed cannot stand.

The order is reversed with directions to the trial court to take such further proceedings in the matter as are consistent with the views herein expressed.

Shinn, P. J., and Vallée, J., concurred.