The issue in this estate tax refund case is whether the petitioner in intervention, a residuary legatee of the decedent, should be dismissed after the original plaintiffs *706 voluntarily dismissed their suit. The defendant so contends and the intervenor opposes. The specific facts are set forth in our order of October 31, 1980, 225 Ct.Cl. 696, which requested the intervenor, Mr. McCarthy, and the defendant to file supplementary briefs answering a number of questions. Those briefs were thereafter filed,[1] and the case was submitted, oral argument being waived, to the above panel.
It appears from the supplemental briefs that the matter is now entirely moot in the present action, No. 406-79T. Before final submission of the case to us, the executors announced that they were refiling their action here for a refund, and such a new suit was filed on December 30,1980, No. 703-80T. The old litigation, No. 4Q6-79T, is therefore no longer of any importance. Mr. McCarthy, as a residuary legatee under decedent’s will, may seek to intervene in the new suit and the trial judge will have to determine the propriety of that intervention. In making that decision, the trial judge should make his ruling anew and should not feel compelled by the principles of former adjudication to allow the intervention if he now considers it improper or unauthorized in the new action. The original parties, Mr. McCarthy, the trial judge, and the court will have full opportunity to pursue this matter of intervention in the renewed action, untrammeled by any determination or ruling made in the prior (present) proceeding. This includes the opportunity for the parties and Mr. McCarthy to seek review by the court of the trial judge’s new decision in intervention (if intervention is sought again). Accordingly, we consider the present motion by defendant to dismiss Mr. McCarthy’s old petition in intervention as entirely moot. The motion is denied as moot and the prior petition in intervention is vacated as moot. Of course, we intimate no position on the correctness of allowing or maintaining either the original intervention or a potential intervention in the new case.
IT IS SO ORDERED.

 The executors were also permitted to file a further brief, if they wished, but have not done so.