This is a suit by executors of a decedent’s estate for refund of federal estate taxes. Neil D. McCarthy is a one-quarter residuary legatee who seeks to intervene as a plaintiff (apparently in order to monitor the executors’ pursuit of the litigation). Trial Judge Bernhardt has allowed this intervention on the ground that he is compelled to do so by the wording of our Rule 65(a)(2), even though plaintiff estate could be adequately represented without Mr. McCarthy’s participation and Mr. McCarthy’s interest as residuary legatee would be fully protected by plaintiff co-executors. Defendent seeks interlocutory review of this order. We grant such review as forecast in our order of February 24, 1981, 226 Ct. Cl. 705 in No. 406-79T,[1] and *755 now consider the matter on its merits. Defendant and plaintiffs ask; us to reverse the trial judge. Mr. McCarthy supports his action.
Rule 65(a), on intervention, provides:
Upon timely application, anyone may be permitted by the court (or the trial judge) to intervene in an action (1) when the representation of the applicant’s interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action, or (2) where the applicant has a pecuniary interest in the subject matter of the main action.
The trial judge did not consider Rule 65(a)(1) applicable (he did not find that the executors’ representation of Mr. McCarthy’s interest would or might be inadequate), but he felt forced to allow the intervention by the language of subsection (2). In his opinion, Mr. McCarthy had a "pecuniary interest in the subject matter” of this tax refund action because as one of the residuary legatees the applicant’s ultimate share could very well be affected by the outcome of this litigation.[2] We disagree with this analysis for the following reasons.
Under the law of California — Mr. McCarthy’s domicile and the locus of the administration of plaintiff estate — as a legatee or heir Mr. McCarthy, "in the absence of special circumstances,” had no right to bring a suit to recover for, or affecting, this decedent’s estate. See Hollan v. McCarthy, 177 Cal. 507, 510 (1918); Klopstock v. Superior Court, 17 Cal. 2d 13, 17-19, 108 P.2d 906 (1941); Bohn v. Smith, 252 Cal. App.2d 678 (1967); 24 Cal. Jur. 3d, Decedent’s Estates § 49, at 111 (Supp. 1980). Here, the applicant has shown no "special circumstances,” none has been found by the trial judge, and we can discern none. Under California law, *756 therefore, the would-be intervenor has no right to maintain this suit. It follows that under Rule 61(b) ("capacity to sue or to be sued”), which looks to the law of the domicile to determine capacity to sue, he has no capacity to maintain this action as an intervening plaintiff.
In these circumstances we think applicant is likewise not "anyone” with a "pecuniary interest in the subject matter” of this tax refund suit within the meaning of Rule 65(a)(2). A person without capacity to bring the particular suit does not normally have a sufficient "pecuniary interest” to intervene in the role of a plaintiff in that suit — as Mr. McCarthy seeks to do. Otherwise, Rules 61(b) and 65(a)(2) would tend to be conflicting and at odds with one another.[3] There is no reason to depart from this principle in this instance. The applicant’s position is no better than that of a creditor of a suing plaintiff who is sure that the plaintiffs recovery will lead to the creditor’s being paid, or of a stockholder of a suing corporation who is convinced that recovery will increase the value of his stock or permit dividends to be paid. We are certain that Rule 65(a)(2) does not require, or by itself allow, intervention by such a creditor or stockholder. Mr. McCarthy deserves no more preferable treatment, and Rule 65(a)(2) does not compel it.
Accordingly, the trial judge’s order of April 14, 1981, allowing Mr. McCarthy to intervene, is reversed and the application to intervene is denied.
IT IS SO ORDERED.
Would-be intervenor’s motion for rehearing was denied July 10, 1981.

 In an earlier case, No. 406-79T, which was identical to this one except for the amount sought, Mr. McCarthy was permitted by Trial Judge Bernhardt to intervene. *755 Defendant belatedly sought to have us reverse that intervention because plaintiffs and defendant wished to dismiss that case, and Mr. McCarthy refused to join. The present case was then instituted by plaintiffs, and we held in our order of February 24, 1981, that, in view of this new (and practically identical) action, the defendant’s motion was moot. We also vacated the prior petition in intervention as moot. In that same order we said that, if intervention was again sought in the present ease, the parties or McCarthy could seek review of the trial judge’s new decision on intervention.

 Under the decedent’s will, the federal taxes were to be paid out of the residual estate, and therefore the amount coming to Mr. McCarthy (and the other residual legatees) would probably be affected by this court’s determination of whether or not the estate taxes sued for would or would not have to be paid.

 When Rule 66(a) says that "anyone” may be permitted to intervene (in stated circumstances) it means (except, perhaps, in exceptional cases) persons with capacity under domiciliary law to bring that action (if seeking intervention on the side of the claimant) or to be sued (if seeking to come in on the side of a defending party).