[No. C020806. Third Dist. June 19, 1996.]

VERGIE M. OLSON et al., Plaintiffs and Appellants, v.
JOANN STEEVES TOY, as Trustee, etc., et al., Defendants and
Respondents.

**COUNSEL**

Tosh G. Yamamoto and Walter S. Nomura for Plaintiffs and Appellants.

Johanson, Koons & Constantino, T. L. Johanson, Sinclaire, Wilson & Sinclair and Robert F. Sinclair for Defendants and Respondents.

## OPINION

PUGLIA, P. J.—Plaintiffs Vergie M. Olson and Wallace Barcus appeal from a judgment of dismissal entered after the trial court sustained without leave to amend the demurrers of defendants Joann Steeves Toy and Deborah Murray. We shall reverse.

In March 1994, Olson filed a complaint for declaratory relief, to impose a constructive trust and to recover damages. The complaint alleges Olson is an heir at law of Georgia B. Jespersen (decedent), whose estate is under administration in Placer County, and that Olson is entitled to inherit a portion of the estate under the terms of decedent's will.[1] The complaint further alleges decedent executed an inter vivos trust prior to her death and that the trust is invalid, among other reasons, because the decedent lacked sufficient mental capacity to execute the trust and executed the trust under the undue influence of defendants. Olson alleges that because the trust is invalid, she has a beneficial interest in the trust assets as a successor in interest to decedent.

In her declaratory relief cause of action, Olson sought a declaration that the trust is invalid and unenforceable. Olson also sought to impose a constructive trust on the trust assets to compel defendants to hold them for Olson's benefit and "to prevent defendants' unjust enrichment." The original complaint named as defendants Toy, the acting trustee of the trust, and the trust beneficiaries, including Murray.

Toy demurred to the complaint, arguing (1) Olson is not a beneficiary of the trust and thus has no standing to maintain an action for a declaration of rights and duties under the trust document (Code Civ. Proc., § 1060), and (2) the real party in interest in the action is not Olson but the personal representative of decedent's estate (Code Civ. Proc., § 377.30).[2] The trial court held Olson lacks standing to sue and sustained the demurrer with leave to amend.

---

[1] In her first amended complaint, Olson alleges her father, Virgil Barcus, decedent's brother, was a named beneficiary in decedent's will, but predeceased decedent; and that she, Olson, was a named beneficiary in the will of Virgil Barcus.

[2] Code of Civil Procedure section 377.30 states: "A cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest."

In November 1994, Olson, joined by her uncle, Wallace Barcus, filed a first amended complaint. Olson realleged her claim that she is an heir at law of decedent and is entitled to inherit a part of the estate under decedent's will. Wallace Barcus, decedent's brother, alleged he is a named beneficiary in decedent's will. The first amended complaint seeks a declaration as to the validity of the trust and the imposition of a constructive trust upon the trust assets for the benefit of plaintiffs. Thus, while adding a new party plaintiff (Barcus) and alleging additional facts relating to the claimed invalidity of the inter vivos trust, the first amended complaint pleads the same legal theories and seeks the same remedies as did the original complaint.

Toy demurred, again arguing that as plaintiffs are not beneficiaries of the trust, they lack standing to sue for declaratory relief and as neither is decedent's personal representative, they lack standing to maintain any action by virtue of Code of Civil Procedure section 377.30.

Murray separately demurred, echoing Toy's claim that only decedent's personal representative has standing to sue pursuant to Code of Civil Procedure section 377.30.

In opposing the demurrers, plaintiffs argued, inter alia, that Probate Code section 9654 authorizes them to maintain an action to recover trust assets rightfully belonging to the estate.

After hearing, the trial court sustained both demurrers without leave to amend. The court concluded plaintiffs have no standing to maintain an action for declaratory relief or to impose a constructive trust. The court also ruled Probate Code section 9654 does not benefit plaintiffs as their action is not for possession of, or to quiet title to, property. Finally, the court noted that even if plaintiffs were to prevail on their claim for declaratory relief, "they would not obtain possession of any property; rather . . . the assets of the trust would be transferred to the possession of the personal representative of the estate [*sic*], not plaintiffs."

Plaintiffs moved for reconsideration, attaching to their motion a proposed second amended complaint. In turn, Murray moved to dismiss the action both as to her individually and in its entirety. Request for the latter relief was premised on the fact that Murray's dismissal from the action deprived the action of an indispensable party (Code Civ. Proc., § 389), without whom the trial court could not adjudicate the validity of the trust and the rights of all the trust beneficiaries.

The trial court denied reconsideration on several grounds: (1) plaintiffs did not present in the proposed second amended complaint any new or

different facts as required by Code of Civil Procedure section 1008, subdivision (a), and (2) because they are not beneficiaries of the trust, plaintiffs have no interest in the written trust document such that they have standing to seek declaratory relief. In the same order, the trial court dismissed the action for failure of plaintiffs to join all indispensable parties. A judgment of dismissal was subsequently entered from which judgment plaintiffs appeal.

█ The trial court erred in sustaining the demurrers to the first amended complaint for lack of standing. Probate Code section 9654 provides: "The heirs or devisees may themselves, or jointly with the personal representative, maintain an action for possession of property or to quiet title to property against any person except the personal representative." Plaintiffs' claim for constructive trust is, in effect, an action for "possession of property." (See *Dorland* v. *Dorland* (1960) 178 Cal.App.2d 664, 666-669 [3 Cal.Rptr. 262].) █ "A constructive trust is not a true trust but an equitable *remedy* available to a plaintiff seeking recovery of specific property in a number of widely differing situations. The cause of action is not based on the establishment of a trust, but consists of the fraud, breach of fiduciary duty, or other act which entitles the plaintiff to some relief. That relief, in a proper case, may be to make the defendant a constructive trustee with a duty to transfer to the plaintiff." (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 791, p. 234, original italics.)

█ Plaintiffs could not acquire possession of the trust assets directly since they must first be delivered to the decedent's personal representative for distribution under the will. (*Estate of Piercy* (1914) 168 Cal. 750, 753 [145 P. 88]; see Prob. Code, § 9650.) Nevertheless, plaintiffs' action for constructive trust is one seeking possession of property. (*Dorland* v. *Dorland, supra,* 178 Cal.App.2d at pp. 666-669.) Accordingly, plaintiffs have standing to maintain the action by virtue of Probate Code section 9654.

█ Quite apart from the authority of Probate Code section 9654, plaintiffs have standing to maintain an action to invalidate the trust and compel delivery of the trust assets to the estate. The complaint alleges that defendants, using undue influence, took advantage of decedent's senility and induced her to execute a trust in their favor. For purposes of demurrer, we accept these allegations as true. (*Garcia* v. *Superior Court* (1990) 50 Cal.3d 728, 732 [268 Cal.Rptr. 779, 789 P.2d 960].) Accordingly, upon decedent's death, the right to bring an action to invalidate the trust vested in her personal representative. (See *Holland* v. *McCarthy* (1918) 177 Cal. 507, 509-511 [171 P. 421]; *Collins* v. *O'Laverty* (1902) 136 Cal. 31, 35-36 [68 P. 327]; see Prob. Code, § 9820.) █ As Witkin notes, "[t]he general rule, both at common law and under the codes, is that the executor or administrator is the proper party to sue on behalf of the estate . . . . *In the absence*

*of special circumstances* . . . neither one nor all of the heirs or distributees under a will can sue alone, and they are not necessary or proper parties to a suit by the representative." (4 Witkin, Cal. Procedure, *op. cit. supra*, Pleading, § 114, p. 150, italics added.)

 Here there are special circumstances which implicate the exception which allows the decedent's heirs or beneficiaries under her will to bring the action in their names alone. As it happens, defendant Toy is both decedent's personal representative and the trustee of the trust. Toy could hardly be expected on behalf of the estate to initiate an action to declare invalid the trust which she administers as trustee. "An heir may maintain an action against anyone, except an executor or administrator, for possession of or to quiet title to the real property of a decedent and if special circumstances justify such, for any other purpose or respecting any other property." (*Bohn v. Smith* (1967) 252 Cal.App.2d 678, 680-681 [60 Cal.Rptr. 757].)

Toy notes an action under Probate Code section 9654 cannot be maintained against the decedent's personal representative. However, plaintiffs sue Toy in her capacity as trustee, not in her capacity as decedent's personal representative.

Generally, it is the plaintiff's responsibility to plead the special circumstances which call for an exception to the rule. (4 Witkin, Cal. Procedure, *op. cit. supra*, Pleading, § 115, p. 151.) Plaintiffs' first amended complaint is deficient in that respect. Although it pleads Toy is the acting trustee of the trust, it omits to allege she is also decedent's personal representative. However, this deficiency was remedied when defendants requested the trial court take judicial notice that Toy is also decedent's personal representative. Thus, the special circumstances justifying an exception to the rule were competently before the trial court when it ruled on the demurrers to plaintiffs' first amended complaint.

 In sustaining the demurrer, the trial court also ruled plaintiffs have no standing to maintain an action for declaratory relief because they are not beneficiaries of the trust. At the time the action was initiated, Code of Civil Procedure section 1060 provided in relevant part: "Any person interested under a deed, will or other written instrument, *or* . . . who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action . . . in the superior court . . . for a declaration of his rights and duties . . . ." (See Stats. 1993, ch. 1262, § 6, italics added.) This section does not require that plaintiffs and defendants be parties to, or that plaintiffs be interested

under, a legal instrument as a predicate to plaintiffs maintaining a declaratory relief action. (*Siciliano* v. *Fireman's Fund Ins. Co.* (1976) 62 Cal.App.3d 745, 753 [133 Cal.Rptr. 376].) The fact that plaintiffs were not "interested under" the trust instrument does not prevent them from maintaining an action for declaratory relief as to the validity of the trust. Validity of the trust directly affects plaintiffs' legal rights to property under decedent's will.

Finally, the trial court reasoned that even if plaintiffs were successful in invalidating the trust, it would avail them nothing because the trust property would revert to the decedent's personal representative and not to plaintiffs. This reasoning fails in two respects. First, it begs the question whether plaintiffs may maintain an action to determine the validity of the trust. As we have explained, plaintiffs may do so. ■ Second, an estate does not take title to the decedent's property. When a person dies, title to his or her property vests in the heirs or devisees, subject to administration. (*Dorland* v. *Dorland*, *supra*, 178 Cal.App.2d at p. 669.) Thus, if the trust is declared invalid and the trust assets are delivered to the decedent's personal representative, they are to be held by the representative solely for distribution according to the terms of the decedent's will.

Defendants argue that even if this court concludes the trial court erred in sustaining the demurrers without leave to amend, the judgment should nonetheless be affirmed because the trial court dismissed the action on a second, separate basis: the failure of plaintiffs to join an indispensable party, Murray. However, the reason for Murray's absence from the lawsuit is that her demurrer was sustained without leave to amend resulting in her dismissal from the action. As we have concluded Murray's demurrer should have been overruled, Murray remains a party to the action, and her claim of failure to join her as an indispensable party is rendered moot.[3]

---

[3]The defendants other than Toy and Murray are Carolyn Mengers and Deborah Alvarez, both of whom, like Murray, are beneficiaries of the trust. Neither Mengers nor Alvarez was served. However, after the judgment of dismissal was entered on sustaining of Toy's and Murray's demurrers, the trial court dismissed as to Mengers and Alvarez because of failure to serve them.

On appeal, Mengers and Alvarez argue that the question whether Toy's and Murray's demurrers were properly sustained without leave to amend is irrelevant. Even if the rulings on demurrer are erroneous, Mengers and Alvarez argue, an order remanding the matter to the trial court would be meaningless because they are indispensable parties who are not joined.

We demur. The only questions before us on this appeal are whether the trial court erred (1) in sustaining the demurrers without leave to amend or (2) in dismissing the action for lack of an indispensable party, to wit, Murray. Having concluded the trial court erred in both respects, we reverse the judgment of dismissal and remand for further proceedings. We express no opinion on the issues respondents Mengers and Alvarez seek to raise.

The judgment is reversed. On remand the trial court is directed to vacate the orders sustaining demurrers and to overrule them. Plaintiffs are to recover costs on appeal.

Scotland, J., and Raye, J., concurred.